JAMES E. ENGLISH v. THE FRANKLIN FIRE INSURANCE COMPANY OF PHILADELPHIA.

*Fire insurance—Location of household goods.*

1. If household goods, insured as goods contained in a dwelling house, are burned while stored in a barn on the same premises there can be no recovery of insurance. And the insurer's knowledge that the goods were so stored does not waive the condition of the policy.
2. Waiver implies the right to object.

Error to Saginaw. (Gage, J.)    Oct. 17.—Nov. 19.

ASSUMPSIT.    Plaintiff brings error.    Affirmed.

*Tarsney & Weadock* for appellant. "House" in an insurance policy includes everything appurtenant: *People v. Taylor* 2 Mich. 250; *Pond v. People* 8 Mich. 150; *Pitcher v. People* 16 Mich. 145; *Workman v. Ins. Co.* 22 Am. Dec. 141; removal of insured property from the house to the barn does not avoid the policy: *Fitchburg R. R. v. Mut. F. Ins. Co.* 7 Gray 64; *Peterson v. Miss. Valley Ins. Co.* 24 Ia. 497; *McCluer v. Girard Ins. Co.* 5 Ins. L. J. 743; *Everett v. Cont. Ins. Co.* 21 Minn. 76; *Holbrook v. St. P. & F. M. Ins. Co.* 8 Ins. L. J. 789; *Longueville v. Western Assurance*

*Co.* 8 Ins. L. J. 845; waiver is a question of intent and is inferable from circumstances: *Hibernia Ins. Co. v. O'Connor* 29 Mich. 241; *Aurora Fire Ins. Co. v. Kranich* 36 Mich. 293-4; *Webster v. Phœnix Ins. Co.* 36 Wis. 71; *Farmers' Mutual Ins. Co. v. Ensminger* 12 Ins. L. J. 40; *City Ins. Co. v. Jones* 62 Ill. 458.

*Hanchett & Stark* for appellee. Location of personal property insured is part of the contract, which fails if the location is changed: Wood on Insurance 108, 112, 117; *Bryce v. Lorillard Ins. Co.* 55 N. Y. 240, 244; *Liebenstein v. Ætna Ins. Co.* 45 Ill. 303, 304; *Annapolis R. R. Co. v. Ins. Co.* 3 Am. 112; *Hartford Ins. Co. v. Farrish* 73 Ill. 166, 168; *Lyons v. Providence Ins. Co.* 43 Am. 32; *Harris v. Royal Ins. Co.* 53 Ia. 236; *Longueville v. Western Ass. Co.* 51 Ia. 553; *McCluer v. Girard F. & M. Ins. Co.* 43 Ia. 349; *Peterson v. Miss. Ins. Co.* 24 Ia. 498; *Wildey v. Farmers' Ins. Co.* 52 Mich. 446; *Iron Foundry v. Ins. Co.* 1 Cliff. 300; *Shertzer v. Ins. Co.* 46 Md. 506; *Holbrook v. St. Paul &c. Ins. Co.* 25 Minn. 229; *Gorman v. Hand to Hand Ins. Co.* 11 Ir. C. L. 224.

COOLEY, C. J. Defendant in January, 1883, issued to plaintiff a policy whereby he was insured to the amount of two thousand dollars on his household goods, furniture, clothing, etc., " all contained in his two-story frame dwelling house and additions, occupied as a residence " in Saginaw city, and to the further amount of three hundred dollars on his horse, buggies, hay, etc., and barn tools. A fire occurred November 13, 1883, which so far injured the house as to render it uninhabitable. At the time of this fire much of the household goods covered by the policy was removed to the barn and stored there. The parties adjusted the loss by this fire, and no question now arises upon it. December 6, 1883, the barn was burned, and with it the household goods stored in it. Defendant adjusted and paid the loss by this fire so far as concerned the property commonly kept in a barn, but refused to pay any loss on household goods. For that loss this suit is instituted. The circuit judge held there could be no recovery, and defendant had judgment.

It is claimed for the plaintiff that the barn in this case may be considered a part of the dwelling house; it being

within the curtilage. But there is no ground for this claim. This is a case of contract; and the question is what contract the parties have made. For some purposes the law regards a barn within the curtilage as part of the dwelling house; but it is not popularly so regarded, and it must be very rare indeed that in a contract it is treated as such. It certainly was not so treated in this case. There were two classes of insured property; and the class to which the goods in question belonged was insured as situated in a described building, which the policy designates as the dwelling house; and the description makes it very clear that no other building was understood to be included. The parties certainly did not understand that in insuring the household goods, etc., in the dwelling house, and also horse, buggies, etc., and barn tools, that the horse, buggies and barn tools were in the dwelling house.

But one of the conditions of the policy would make the meaning very plain if it could otherwise have been considered in doubt. The assured is required to "state on oath in his proofs of loss that all the merchandise and personal property for which claim is made was at the time of the fire contained in the building or premises described in said policy." It was plainly impossible for this plaintiff to state in his proofs of loss that the property for the burning of which he now claims was in "his two-story frame dwelling-house and additions occupied as a residence," for it was in a very different building.

A further claim is, that defendant, knowing that these goods were stored in the barn, and not making any objection thereto, or canceling the policy on that account, has waived the right to take the objection when a loss has occurred. But this is not a case of objection, and not a question of waiver. The question is, for what loss this defendant has undertaken to be responsible. Now we find the contract to be that defendant will be responsible for the loss by fire of these goods while they remain in the dwelling-house, but not when out of it. But the defendant could not insist that the goods should remain in the dwelling-house; plaintiff might remove

them at will, and for any reason that might incline him to do so. And this being his undoubted right, there would be nothing for defendant to waive in respect to it. Waiver implies a right to object to what is being done; but there was no such right here. The defendant merely undertook for a certain responsibility while the goods were in the house; and it was at the plaintiff's option to have them there or elsewhere as he pleased. If they were lost by fire when elsewhere, the loss was not one against which the defendant had undertaken to insure him. Nor was defendant called upon to cancel the policy by reason of the goods being removed from the building where they were insured. If the dwelling-house had been repaired and the goods restored to it, the policy would again have covered them; and this, for anything that appears to the contrary, may have been what both parties desired. At any rate it does not appear that the plaintiff desired the policy canceled; and if he had desired it, the cancelment would have been optional with defendant.

The cases of *Hartford Ins. Co. v. Farrish* 73 Ill. 166; *Annapolis etc. R. R. Co. v. Baltimore Fire Ins. Co.* 32 Md. 37: s. c. 3 Am. Rep. 112; and *Bryce v. Lorillard Ins. Co.* 55 N.Y. 240, support the views here expressed, and are decisive.

The judgment must be affirmed.

The other Justices concurred.