## THOMPSON v. GORNER.[*]

### No. 15,262; April 19, 1894.

#### 36 Pac. 434.

**Interest—Rate After Maturity.—Acceptance.**—When interest on a note is payable at a certain rate monthly in advance, "and, if said principal or interest is not paid as it becomes due, it shall thereafter bear interest at" a higher rate, acceptance of interest from time to time, for two years after maturity, at the former rate, waives the latter, though this be in no wise a penalty.

APPEAL from Superior Court, Alameda County; W. E. Greene, Judge.

Action by Mary Thompson against Christ Gorner on a promissory note. Judgment for plaintiff, with costs for defendant. Plaintiff appeals. Affirmed.

Edgar B. Haymond for appellant; John Yule and Edward H. Stearns for respondent.

SEARLS, C.—This is an appeal by plaintiff from a judgment in her favor for $1,283.85, without costs, and for costs

---

[*]For subsequent opinion in bank, see 104 Cal. 168, 43 Am. St. Rep. 81, 37 Pac. 900, cited in note in Ann. Cas. 1912A, 1333, on payment and acceptance of principal sum as waiver of interest due by contract.

in favor of defendant. The whole contention arises upon the
rate of interest due upon a promissory note, of which the fol-
lowing is a copy:

"$1,400.                    Oakland, Cal., March 20, 1888.

"On or before two years after date, for value received, I
promise to pay Clarence J. Wetmore, or order, the sum of one
thousand four hundred dollars in gold coin of the United
States of America of the present standard, with interest
thereon, in like gold coin, from the date hereof until paid, at
the rate of eight per cent per annum, payable monthly in ad-
vance, and, if said principal or interest is not paid as it be-
comes due, it shall thereafter bear interest at the rate of 1 per
cent. per month; and in case said monthly interest, or any
part thereof, is not paid within one month after the same
becomes due and payable, then the whole of said principal
sum and interest due thereon shall forthwith become due and
payable at the option of the holder hereof. This note is se-
cured by a mortgage bearing even date herewith.

                                   "CHRIST GORNER."

Plaintiff succeeded to the note, and a mortgage given to se-
cure the payment thereof, by assignment before maturity.
The interest on the note was paid when due, and was paid
to plaintiff at the rate of eight per cent per annum, and ac-
cepted by her in full, until the twentieth day of February,
1892, when, upon the tender to her of one month's interest
at said rate, she refused to receive the same in full, and claimed
interest at one per cent per month, and demanded an addi-
tional four per cent per month on the principal from the
maturity of the note, compounded, so as to make up, with that
paid, one per cent per month. On the eighteenth day of
March, 1892, and before the commencement of this action,
defendant tendered to plaintiff $1,283.85, which is conceded
to be all that was due upon the note unless plaintiff was en-
titled to interest at one per cent per month, and upon the
commencement of the suit defendant paid said sum into court
for plaintiff. The facts are agreed upon.

The court below found, as conclusions of law: (1) That the
promissory note provides for the payment of interest at eight
per cent per annum, and no more, and that the clause therein
that, "if said principal or interest is not paid as it becomes
due, it shall thereafter bear interest at the rate of one per

cent per month," is in the nature of a penalty, and may be waived, and that, defendant having failed to pay the principal sum when it became due, he is liable in damages at the rate of eight per cent per annum upon the principal sum remaining unpaid, and no more; (2) that plaintiff, having accepted the interest at eight per cent after the note fell due, in full payment, thereby waived her right to any or greater sum— and rendered judgment accordingly.

I cannot agree with the conclusion of the court below that the clause in the promissory note that "if said principal or interest is not paid as it becomes due, it shall thereafter bear interest at the rate of one per cent per month," is to be treated as a penalty, but am inclined to regard it as a contract to pay one per cent per month upon a contingency which is shown to have occurred. It related, or might relate, to the interest to become due and payable under the contract; that is to say, before the maturity of the note as well as afterward. It may be said that all contracts for the payment of interest at a given rate are, in contemplation of law, confined to the life of the contract, and that after its violation a recovery is had not of interest as such, but damages for the violation of the contract, which are measured by the agreement of the parties as contained in their contract, or, in the absence of such agreement, by the law. Where there is no statute to prevent, parties may contract for such rate of interest as they choose, not only before the maturity of the contract, but after its breach, and until paid. By our Civil Code (section 1918), "parties may agree in writing for the payment of any rate of interest, and it shall be allowed, according to the terms of the agreement, until the entry of judgment." Again: "Interest is the compensation allowed by law, or fixed by the parties for the use, or forbearance, or detention of money": Civ. Code, sec. 1915. Under this section, parties in this state can as well agree upon the compensation to be fixed for forbearance to enforce the payment of money due after a breach of contract as for its use before such breach, and, when agreed upon in writing, it is equally binding in the one case with the other: Hubbard v. Callahan, 42 Conn. 524, 19 Am. Rep. 564; Wilkerson v. Daniels, 1 G. Greene (Iowa), 179; Wernwag v. Mothershead, 3 Blackf. (Ind.) 401. In the case last cited, the makers of the note agreed, if not paid at maturity,

"to pay five dollars interest per week until paid"; and the court held it drew interest at the agreed rate until paid. A vast number of cases might be cited, all to the effect that similar provisions in promissory notes are to be enforced as per contract, and not treated as penalties. It follows from this view that upon the maturity and nonpayment of the note the contingency occurred upon which she was entitled to interest thereon at one per cent per month.

But upon the facts of the case as they appear of record it does not follow that she can recover such interest in this action. For two years next after the maturity of the note plaintiff continued to receive the interest monthly in advance at the rate of eight per cent per annum, which was "accepted in full payment of interest due on said note from the date of such payment to the twentieth day of each month next succeeding such payment." This was clearly a waiver of her right to the larger interest. "A waiver takes place where a man dispenses with the performance of something which he has a right to exact. A man may do that not only by saying that he dispenses with it—that he excuses the performance— or he may do it as effectually by conduct which naturally and justly leads the other party to believe that he dispenses with it. There can be no waiver unless so intended by one party, and so understood by the other, or one party has so acted as to mislead the other": 2 Herman on Estoppel, sec. 825. The same author, at section 1020 of volume 2, says: "No one who waives or dispenses with the performance of a contract can rely upon the failure to perform it, either as a defense or cause of action, for no one can complain of a default which he has caused or sanctioned." In Bradford v. Hoiles, 66 Ill. 517, a note was given for $1,000, payable ninety days after date, with the following clause: "And, if the sum is not paid when due, to pay thereon five per cent per month as damages thereon from the time the same is due until paid." The maker paid interest on the note from July, 1869, to September 8, 1870, which, from the indorsements, was shown to be at ten per cent per annum, and to have been in full. The maker then died, and two years later, in an action on the note, the court held that the holder, when the first interest was due, might have demanded the stipulated damages at five per cent per month, but that having then, and from time to time thereafter while

39

the maker lived, received ten per cent per annum interest, this was inconsistent with a claim of five per cent per month for damages, and was evidence of an agreement to accept ten per cent per annum instead of five per cent per month, and was a waiver of the penalty. It is true that the court there regarded the five per cent per month as a penalty. It is also true that courts more readily lean to a waiver, in cases of penalty, than in those of the ordinary provisions of contracts. Still, in the present case I am of opinion the conceded facts are strong enough to raise the legal presumption, not only that plaintiff had waived the right to the higher interest, so far as she accepted the lower rate specified in the note, but that the waiver evinced by a uniform course of conduct for two years extended to and estopped her from the very right to demand the higher rate of one per cent per month for the month commencing February 20, 1892. The interest was payable monthly in advance. When, on the twentieth day of February, 1892, defendant tendered the interest ($8.70) which, by uniform usage, had come to be the conceded amount due, it operated as a payment as effectively as though received, subject to the duty devolving upon defendant of keeping the tender good. This he did by paying the amount into court for plaintiff. The judgment appealed from should be affirmed.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment appealed from is affirmed.