GEORGE H. GOODHUE *vs.* HARTFORD FIRE INSURANCE COMPANY.

Suffolk.   March 17, 1903. — June 19, 1903.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Insurance, Fire.*

A rider attached to a policy insuring goods against fire provided that the goods might be removed to a designated storehouse in a certain town reached by railroad, and stipulated that during removal the policy was to "attach in each location in proportion as the value in each bears to the value in all, and after removal in new location only." A fire occurred during removal by which some of the goods were destroyed while in railroad cars at the town of their destination but before being unloaded or taken to the designated storehouse. *Held*, that the goods on the cars were not covered by the insurance.

A temporary contract of insurance called a "binder", to continue by its terms only until a policy delivered to the insurer for modification has been returned to the assured, cannot affect the rights of the parties as to a loss by fire occurring after the policy has been returned.

CONTRACT on a policy insuring certain wool, wool bags and bagging of the plaintiff against fire. Writ dated September 10, 1898.

In the Superior Court *Sheldon,* J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The rider of April 30, 1898, mentioned by the court began as follows:

"Boston, Apr. 30, 1898.

"Permission is hereby given to remove the within insured property to Brick & Stone Building adjoining and communicating occupied by Dennis & Lovejoy for storage situate opposite the Railroad Station, Ballardvale, Mass., and during removal this Policy shall attach in each location in proportion as the value in each bears to the value in all, and after removal in new location only, and not as heretofore.

"New Rate 50$^{c}$. Return premium $2.72."

There was another paragraph in regard to various matters not material.

The "binder" containing the temporary contract mentioned by the court began as follows:

"Boston, April 30th, 1898.

"The undersigned Insure for account of G. H. Goodhue & Co. in amount specified below, on Wool, Wool Bags and Bagging located at Ballardvale.

"As per form C.

"This certificate binding until policy is delivered to J. W. Porter & Co.

"Any loss occurring before Policy is written, to be settled concurrent with any other Insurance on same property at the time of loss."

*W. R. Sears & A. Lincoln,* for the plaintiff.

*J. D. Bryant,* (*L. S. Dabney* with him,) for the defendant.

BARKER, J. There was no evidence of any oral contract of insurance nor of any oral waiver of any term of the policy, nor of any oral permission to remove the goods insured. When issued the policy covered the goods in store No. 1, East Boston. On December 3, by the rider of that date it ceased to cover goods there and covered those in store No. 2. It never covered the goods in Ballardvale except under the terms of the rider of

April 30, which allowed removal to a designated storehouse in Ballardvale, but stipulated that during removal the policy was to " attach in each location in proportion as the value in each bears to the value in all, and after removal in new location only." There can be no contention that either party intended that the defendant should insure the goods *in transitu.* The rider by the words " each location," meant the store No. 2, and the designated storehouse in Ballardvale, and under its operation the policy covered none of the goods except such as should be in one or the other of those storehouses. Such of them as were on railroad cars were still in the process of the removal which was permitted but during which they were not insured. It follows that at the time of the fire the policy covered no wool in Ballardvale except that in the designated storehouse.

Because when the removal to Ballardvale was first decided upon it was not known in what storehouse the wool would there be stored, a separate contract of insurance was made by the instrument called the " binder," of April 30. This was in form and terms a contract of insurance by which ·the companies insured the wool " located " at Ballardvale. Assuming that this meant wherever in that place the wool might be, yet by the terms of the written instrument this insurance was to continue only until the policy, which had been given to the insurers for modification, should be delivered to J. W. Porter and Company, that is to say returned to the plaintiff's brokers. That delivery took place before the loss by fire, so that there was no insurance under the " binder" when the fire occurred. As at the time of the loss that part of the wool which was on the cars was not covered by insurance the verdict was ordered rightly.

*Exceptions overruled.*