PALATINE INSURANCE COMPANY OF LONDON
*vs.* ANNIE KEHOE.

Suffolk.    January 7, 1908. — February 26, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Insurance,* Fire.    *Contract,* Construction.    *Deceit.    Fraud.    Payment.*

A rider on a policy of fire insurance, in the Massachusetts standard form, on household furniture and other articles of personal property in a certain house in Revere, giving the insured permission to remove the insured property to a certain building in Randolph, provided further, " This policy to attach and cover the same in both locations during removal in proportion as the value in each location shall bear to the value in both and after removal shall attach and cover in new location only." A portion of the insured property was destroyed by fire after it had been removed from the house in which it was when the policy was issued and while it was stored temporarily in another building with a view to its subsequent removal to Randolph. *Held,* that the property thus destroyed was not covered by the policy, as the rider did not insure it in transit.

In an action by a fire insurance company for deceit to recover as damages money paid by it to the defendant on a loss of household furniture and other articles of personal property under a policy which insured the property in a certain house in Revere, giving the insured permission to remove it to a certain building in Randolph and covering the property " in both locations during removal in proportion as the value in each location shall bear to the value in both," providing that after removal the policy should cover the property in the new location only, there was evidence tending to show that an important part of the property was destroyed by fire after having been removed from the house in which it was when the policy was issued and while it was stored temporarily in another building with a view to its subsequent removal to Randolph. The presiding judge, subject to the plaintiff's exception, instructed the jury that the part of the property thus stored temporarily while it was in process of being moved was covered by the policy. This instruction was erroneous, as the policy did not cover the property while in transit. There was evidence tending to show a fraudulent representation made by the defendant to the plaintiff, after the fire and before the settlement, that the property had not been removed from the place where it was when the policy was issued and that most of the property was in that place at the time of the fire, a small portion only having been removed to Randolph. *Held,* that the erroneous instruction was important as bearing upon the materiality of the fraudulent representation, if there was one, and therefore that the exception to the instruction should be sustained.

A payment of a loss by a fire insurance company, which was procured by fraudulent representations of the insured in regard to material matters, in no way precludes the company from avoiding the settlement thus procured by fraud.

TORT by a fire insurance company for deceit, to recover back the sum of $844.90 paid to the defendant on a loss of household furniture and other articles of personal property under a policy

issued by the plaintiff when the property described in it was in a frame apartment house with stores underneath on the easterly side of Ocean Avenue in Revere known as the Irving Cottage. Writ in the Municipal Court of the City of Boston dated September 19, 1905.

On appeal to the Superior Court the case was tried before *Hitchcock*, J. It was agreed that the policy was in the Massachusetts standard form and had attached to it the rider which is quoted in the opinion, and that the property described in the policy was destroyed by fire on June 4, 1905.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions, raising certain questions, of which those that are material are stated in the opinion.

The case was submitted on briefs.

*R. D. Ware*, for the plaintiff.

*H. Dunham*, for the defendant.

KNOWLTON, C. J. The plaintiff contended that a part of the property included in the policy was not covered by it at the time of the fire, because it had been removed from the building in which it was insured to another building near by, which was burned in the same conflagration.

Upon the policy a rider had been attached, as follows : " Permission is hereby given the assured to remove the within insured property to frame dwelling building situate east side South Main Street, between Union and Maple Sts. in Randolph Mass. This policy to attach and cover the same in both locations during removal in proportion as the value in each location shall bear to the value in both and after removal shall attach and cover in new location only." There was evidence tending to show that an important part of the property had been removed and stored temporarily in another building, with a view to the subsequent removal of it to Randolph. As to this the judge instructed the jury as follows: "Now as to any articles which were moved from the Irving Cottage, if any were, and temporarily placed in another building that being a part of the transmission of the property from the Irving Cottage to Randolph within any reasonable grounds, the policy of insurance might cover such property in its transmission from the one place to another. . . . It must appear that if any portion of the property

was placed temporarily in another building while it was in pro-cess of being moved, the placing of that property there was for a very short period of time only; that it was temporarily there, and that it was not to remain there and did not remain there under the protection of that building." This was erroneous. In *Goodhue* v. *Hartford Ins. Co.* 184 Mass. 41, it was decided, under a contract in substantially the same terms as the one now before us, that goods which were burned in railroad cars while being removed were not covered by the policy. Other cases involving the same general principle are *Bradbury* v. *Fire Ins. Association*, 80 Maine, 396; *English* v. *Franklin Ins. Co.* 55 Mich. 273; *Lycoming Ins. Co.* v. *Updegraff*, 40 Penn. St. 311; *Hartford Ins. Co.* v. *Farrish*, 73 Ill. 166; *Mawhinney* v. *Southern Ins. Co.* 98 Cal. 184.

There was evidence tending to show a fraudulent representation by the defendant to the plaintiff that this property had not been removed from the place where it was when the policy was issued, and that most of the property was in that place at the time of the fire, a small portion only having been removed to Randolph. The instruction just quoted was important as bearing upon the materiality of the fraudulent representation, if there was a fraudulent representation.

At the request of the defendant the judge also instructed the jury that " payment by the plaintiff to the defendant in this action is a waiver of all breaches of the insurance policy on the part of the defendant and every defence which might have been made to the policy on which said payment was made except for such waiver." This leaves out of consideration the fact that, upon the evidence, the payment might have been procured by fraudulent representations of the defendant in regard to material matters. If it was so procured the plaintiff, on discovery, might avoid the effect of it, and it would not constitute a waiver. In *Berkshire Ins. Co.* v. *Sturgis*, 13 Gray, 177, relied on by the defendant, there is nothing that precludes one from avoiding a settlement procured by fraud. This instruction was erroneous.

As bearing upon one branch of the case the assignment of the policy to the defendant by her husband,* after the payment to

---

* The defendant's husband testified that he executed this assignment as of the date of the policy at the request of the plaintiff's agent about a week

her by the plaintiff, with the assent of the plaintiff's agents indorsed upon the policy, was rightly admitted.

The other questions of evidence presented by the bill of exceptions are not likely to arise in the same form at another trial, and we do not think it necessary to consider them.

*Exceptions sustained.*

---

after the money had been paid to the defendant, because investigation by the plaintiff had shown that he and not his wife was the insured. The plaintiff excepted to the admission of the assignment in evidence. The defendant contended that the procuring by the plaintiff of this assignment and indorsing the plaintiff's assent to it upon the policy was evidence of ratification by the plaintiff of the payment made to the defendant. This view is sustained by the court.