PALATINE INSURANCE COMPANY OF LONDON, Limited, *vs.*
ANNIE KEHOE.

Suffolk.    November 14, 1911. — January 2, 1912.

Present: RUGG, C. J., HAMMOND, SHELDON, & DeCOURCY, JJ.

*Practice, Civil,* Exceptions.    *Deceit.    Evidence,* Competency, Admissions and con-
fessions.    *Witness,* Impeachment.

An exception to a refusal of a presiding judge to rule at the close of a trial, that on all the evidence the plaintiff could not recover, cannot be sustained upon a bill of exceptions which does not purport to state all the material evidence.

An insurance company may maintain an action for deceit to recover the amount paid by the plaintiff to the defendant on an alleged loss of property by fire under a policy issued by the plaintiff, on showing that the plaintiff was induced to make the payment by misrepresentations of material facts concerning the property alleged to have been destroyed by fire knowingly made by the defendant in the proof of loss signed and sworn to by him, intending that they should be acted upon by the plaintiff.

In an action for deceit brought by an insurance company, to recover the amount paid by the plaintiff to the defendant on an alleged loss of household furniture by fire under a policy issued by the plaintiff, where there was evidence that the plaintiff was induced to make such payment by false representations knowingly made by the defendant that the property when destroyed by fire was in a building cov-
ered by the policy, the defendant excepted to the admission in evidence of a "rider" giving the defendant permission to remove the insured property to a certain house in another town. It appeared that such permission to remove the property at first was given orally, that the rider was prepared by the plaintiff and was made a part of the daily report in its books showing the status of the

policy, that the rider was not attached to the policy because the policy was not presented when the permission was given orally and afterwards was destroyed by fire, but that the rider was attached to the proof of loss which the defendant signed and swore to and presented to the plaintiff a few days after the fire. The judge in his charge gave instructions to the jury, under which they might find that the defendant adopted the rider as a statement of the terms on which a removal had been permitted orally, and limited the use of the rider to this purpose. *Held,* that the charge was sufficiently favorable to the defendant, and that the defendant was not aggrieved by the admission of the evidence.

In an action for deceit brought by an insurance company to recover the amount paid by the plaintiff to the defendant on an alleged loss of household furniture by fire under a policy issued by the plaintiff, where there was evidence that the plaintiff was induced to make such payment by false representations knowingly made by the defendant that the property when destroyed by fire was in a building covered by the policy, the defendant and the defendant's husband both testified as witnesses. For the purpose of impeaching their credit as witnesses by contradicting their testimony, the plaintiff was permitted to put in evidence the statements made by the defendant and her husband to a deputy chief of the district police upon an official inquiry instituted by him to investigate the fire and the matters relating thereto. *Held,* that the evidence was competent for the purpose for which it was admitted, it being *said,* that the statements of the defendant also were competent as admissions.

TORT for deceit, to recover the sum of $844.90 paid to the defendant on a loss of household furniture and other articles of personal property under a policy which was issued by the plaintiff when the property described in it was in a frame apartment house with stores underneath it, on Ocean Avenue in Revere, known as the Irving Cottage. Writ in the Municipal Court of the City of Boston dated September 19, 1905.

On appeal to the Superior Court the case first was tried before *Hitchcock,* J. The jury returned a verdict for the defendant, and exceptions alleged by the plaintiff were sustained in a decision reported in 197 Mass. 354.

There was a new trial of the case before *Sanderson,* J., at which the jury returned a verdict for the plaintiff for the whole amount claimed; and the defendant alleged exceptions, raising the questions which are stated in the opinion.

The following facts appeared in the bill of exceptions: The fire was in the Irving Cottage at Revere. The defendant had bought a house at Randolph and was arranging to move from her tenement in the Irving Cottage. From this tenement the defendant's husband had carried to Randolph a one horse load of furniture and bedding, which he had placed in the barn at Randolph, because the occupant there had not removed from the

house.  A few days before the fire the defendant's husband "had started to move the piano and some furniture, but had not been able to depart in time so had taken the piano and other articles which had been brought down from the tenement into the Nickel Palace," a building separated from the Irving Cottage by a passageway a few feet wide.  The Nickel Palace, which formerly had been used as a theatre, belonged to the defendant, and the plaintiff had refused to insure it.  In the proof of loss, signed and sworn to by the defendant, the insured property was stated to have been destroyed or injured by fire in "the building insured."  On June 4, 1905, the Irving Cottage and also the Nickel Palace with their contents were totally destroyed by fire.

The "rider" referred to in the opinion was as follows: "Permission is hereby given the assured to remove the within insured property to frame dwelling building situated e/s/ South Main Street, between Union and Maple Streets, Randolph, Mass.  This policy to attach and cover the same in both locations during removal in proportion as the value in each location shall bear to the value in both and after removal shall attach and cover in new location only."

The statements of the defendant and her husband, which are referred to in the opinion, were made to a deputy chief of the district police in charge of the detectives and fire inspectors, upon an official inquiry instituted by him to investigate the fire and the matters relating thereto.  The statements were testified to by the stenographer who took them down at the inquiry.  The judge, in admitting the testimony against the defendant's objection, said that it was "admitted solely for its tendency, if it has any, to contradict the witnesses who have testified."

The case was submitted on briefs.

*H. Dunham*, for the defendant.

*R. D. Ware*, for the plaintiff.

DeCourcy, J.  This is an action of tort for deceit, to recover back the sum of $844.90 paid to the defendant on a loss of personal property under a policy issued by the plaintiff.  There was a verdict for the plaintiff and the case is here on certain exceptions taken by the defendant.

1. The defendant requested the judge to rule that upon all the evidence the plaintiff could not recover, and excepted to the

refusal of the judge so to rule. This exception might well be overruled on the ground that the record before us does not purport to contain all the evidence. But, even on the facts set forth in the bill of exceptions, there was evidence tending to show that the defendant, in the proof of loss signed and sworn to by her, knowingly misrepresented material facts concerning the property claimed to have been destroyed by fire, with intent to have the company act thereon; and that the plaintiff was thereby deceived and induced to pay her the money in question.

2. Exception was taken to the admission in evidence of the "rider" dated May 29, 1905, giving permission to the assured to remove the insured property to Randolph, and also to the judge's charge in reference thereto. When the case was before this court in 1908 it was agreed that this rider was attached to the policy. *Palatine Ins. Co.* v. *Kehoe*, 197 Mass. 354. It now appears that an oral permit to remove the property was given first, that the rider was prepared by the plaintiff and made a part of the daily report in its books showing the status of the policy, and that it was not attached to the insurance policy because the policy was not presented when the permit was orally given and was destroyed by the fire on June 4, 1905. The only reason urged by the defendant against the admissibility of the rider is that it was not shown to the defendant before the fire. But it was attached to the proof of loss which she signed and swore to on June 9, 1905, a few days after the fire; and the jury might well find that she thereby adopted this printed form as a statement of the terms upon which the removal had been orally permitted. In fact the judge's charge limited the use of the rider to this purpose. The charge was sufficiently favorable to the defendant, and she was not aggrieved by the admission of the evidence.

3. The statements of the defendant and her husband made to the district police officer were admissible to contradict their testimony as witnesses; and those of the defendant were also competent as admissions.

*Exceptions overruled.*