TEXAS NAT. FIRE INS. CO. v. WHITE, BLAKENEY & FULLER DRY GOODS CO.

(Court of Civil Appeals of Texas. Texarkana. Feb. 3, 1914. Rehearing Denied Feb. 19, 1914.)

1. INSURANCE (§ 144*) — FIRE INSURANCE — CONTRACTS — MODIFICATION — ACTS CONSTITUTING.

Where the insurer in a fire policy, covering a stock of merchandise while located in a designated building, agreed in a writing delivered to insured that the policy should cover the stock while in another building, and that insured could procure additional insurance, it could not deny liability on the ground that the writing was not attached to the policy, stipulating that no privilege affecting the insurance should be valid unless in writing attached to the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 273–275; Dec. Dig. § 144.*]

2. INSURANCE (§ 144*) — FIRE INSURANCE — STIPULATIONS—WAIVER.

The act of insured, who procured a fire policy on a stock of merchandise while located in a designated building, in removing the stock to another building, was not a breach of the policy, and an agent without authority to waive breaches may agree to a modification of the policy so as to make it apply to the stock while in the second building.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 273–275; Dec. Dig. § 144.*]

3. INSURANCE (§ 144*)—CONTRACTS—MODIFICATION—CONSIDERATION.

A modification of a fire policy covering a stock of merchandise while located in a described building so as to cover the stock when removed to another building is supported by a sufficient consideration, consisting of the forbearance of insured to demand a cancellation of the policy and a return of the unearned premium paid on it.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 273–275; Dec. Dig. § 144.*]

Appeal from District Court, Fannin County; Ben. H. Denton, Judge.

Action by the White, Blakeney & Fuller Dry Goods Company against the Texas National Fire Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

By a policy dated September 2, 1909, appellant, "in consideration," it was recited therein, "of the stipulations herein named and of $25.00 premium and the payment in advance to said (insurance) company of a similar premium at its office in the city of Ft. Worth, upon the 15th day of the months of September and March in every year during the continuance of this contract," insured appellees in the sum of $4,000 against the loss by fire of their stock of goods, wares, and merchandise "while located and contain-

ed" in the one-story metal-roofed brick building known as the "Wilson building," in Bonham, "and not elsewhere." The policy contained this recital, "$30,000 total concurrent insurance permitted, including this policy," and stipulations as follows: "(1) This entire policy, unless otherwise provided by agreement endorsed hereon, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy. (2) In the event of loss by fire to the property covered under this policy, this company shall not be liable for an amount greater than three-fourths of the actual cash value of each item of property covered by this policy (not exceeding the amount insured on each such item) at the time immediately preceding such loss, and in event of additional insurance, if any is permitted herein, then this company shall be liable for its proportion only of three-fourths of such actual cash value of each item at the time of the fire not exceeding the amount insured on each such item." During the last two or three days of August and the first two or three days of September, 1911, appellees moved said stock of goods from said Wilson building to the two-story metal-roofed brick building about half a block away, known as the "Fuller building." Afterwards, to wit, on October 19, 1911, on appellant's demand therefor, appellees paid to it the premium due on the policy for the six months ending March 15, 1912. January 9, 1912, said stock of goods, then worth about $38,500, and insured by other companies than appellant in sums aggregating $29,000, was destroyed by fire. On the ground that the policy it had issued covered the goods only while they were in the Wilson building, and did not cover them while they were in the Fuller building, and on the ground that the insurance, including the amount of the policy in question, on the goods at the time they were destroyed, aggregated the sum of $33,000, while by the terms of said policy appellees were entitled to have only $30,000 insurance on same, appellant denied any liability on its part on account of the loss. Thereupon appellees sued and recovered against appellant the judgment for $3,626 (being the amount, giving effect to the "three-fourths clause" set out above, found to be due on the policy), from which this appeal is prosecuted.

On the trial appellees did not controvert appellant's contention that it was not liable by the terms of the policy as it was originally written, but insisted it nevertheless was liable as claimed by them because, as they asserted was true, while they were moving the goods appellant agreed the policy should cover same in the Fuller building, and at the same time agreed they might carry as much as $33,000 insurance on them. In support of their contention appellees White and

Fuller as witnesses testified, in substance, that while the goods were being moved to the Fuller building appellees wrote appellant advising it of the fact and also of the fact that they wished to increase their stock and to carry a greater amount of insurance thereon than was permitted by the terms of the policy; and they further testified in substance, that a few days after appellees so wrote appellant they received a reply from it inclosing two slips or riders to be placed with or attached to the policy, one of which evidenced an agreement on the part of appellant that the policy should apply to the goods while in the Fuller building, and the other an agreement on its part that they might increase the amount of insurance as needed on the stock. Appellant denied receiving such a letter from appellees, or writing to them and agreeing as claimed by them, but the jury on special issues submitted to them found in favor of appellees' contention; so, for the purposes of this appeal, it must be assumed that appellant made and delivered the slips to appellees as claimed by them. It was shown, however, that the slips had not been attached to the policy at the time the fire occurred, but, instead, had been placed on a hook in appellees' office, and, with appellant's letter accompanying them, had been destroyed by the fire that destroyed the goods.

It appeared from the testimony of said appellees White and Fuller that the letter accompanying the slips or riders sent to appellees was signed by appellant by its general manager, one Walker. Appellant contended in the court below, and contends here, that if the rider agreeing that the policy should cover the goods in the Fuller building was sent to appellees as they claimed it was, it nevertheless was not liable, because Walker did not have authority to so agree for it; and further that it did not become bound by that agreement nor the agreement permitting additional insurance on the stock of goods, because the riders had not been attached to the policy at the time the fire occurred. As supporting its contentions, appellant relied upon a stipulation in the policy as follows: "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions and conditions unless said waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

Goree & Turner, of Ft. Worth, for appellant. J. G. McGrady, of Ft. Worth, and Cunningham & McMahon, of Bonham, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] If, as appellees claimed and the jury found was true, appellant agreed in writing that the policy should cover the goods while in the Fuller building, and that appellees might procure additional insurance as they did, we think it should not be heard to deny liability on the ground merely that the slips or riders evidencing its agreement were never attached to the policy. It was not shown that appellees were authorized to so attach the slips. On the contrary, it appeared from the face of the policy that attaching them was as much an act solely to be performed by appellant as would have been the act of indorsing such an agreement on the policy. Therefore we think the delivery of the slips to appellees should be construed as a waiver by appellant of the provision in the policy requiring them to be attached to it. To hold otherwise, it seems to us, would be to say that appellant in making and delivering the slips as it did was attempting to mislead appellees to believe it intended thereby to bind itself by a valid contract, and so to perpetrate a fraud upon appellees. Appellees, we think, had a right to assume appellant was acting in good faith, and when, without first demanding the policy and attaching the slips to it, and without conferring upon them authority to so attach same, it delivered the slips to them, it intended thereby to bind itself, and to waive the requirement of the contract that the slips should be attached to the policy. To permit appellant after a loss occurred to claim it was not liable merely because the slips were not so attached, under the circumstances stated, we think would be very unfair to appellees, and the countenancing as proper, conduct on the part of appellant calculated to induce, and which doubtless did induce, appellees to believe it intended to bind itself to indemnify them against loss of the goods by fire while in the Fuller building, and therefore to forego exercising their right to have the policy canceled and a new one issued. We do not think either principle or authority demands the recognition of a right existing in appellant to make such a claim. New Orleans Ins. Ass'n v. Griffin & Shook, 66 Tex. 232, 18 S. W. 505; Wagner & Chabot v. Insurance Co., 92 Tex. 549, 50 S. W. 569; Insurance Co. v. Hardin, 151 S. W. 1152.

[2, 3] The other contention made by appellant, to wit, that it was not bound by the agreement that the policy should apply to the goods while in the Fuller building, because its agent who made it was not authorized to waive the provision in the policy

which restricted its operation as indemnity against loss of the goods by fire only while they were in the Wilson building and not elsewhere, we think also should be overruled. The question made by the testimony relevant to this phase of the case was not one as to a waiver or not by appellant of a right it had to declare the policy invalid because of the removal of the goods from the Wilson building; for it did not have such a right. The removal of the goods was not a breach by appellees of any term of the contract. Therefore there was nothing for appellant to waive. Assurance Co. v. Miller, 91 Tex. 414, 44 S. W. 60, 39 L. R. A. 545, 66 Am. St. Rep. 901; Hollings v. Bankers' Union, 63 S. C. 192, 41 S. E. 92; Thompson v. Gorner, 4 Cal. Unrep. 606, 36 Pac. 434; Insurance Co. v. Lumber Co., 11 Okl. 585, 69 Pac. 938; San Bernardino Ins. Co. v. Merrill, 108 Cal. 490, 41 Pac. 487. The question made by the testimony, we think, was one as to whether or not the transaction evidenced by the slip created a new contract between the parties, or, what in legal effect would be the same thing, so modified the old contract as to make it apply to the goods while in the Fuller building. We think the effect of the transaction was to so modify the contract. If it was, then it cannot be doubted that appellant's manager as such had power to bind it by the agreement he made for it in its name. It is clear he might have canceled the policy and bound appellant by the issuance of another one covering the goods while in the Fuller building. If he might have done this, then certainly he might have accomplished the same thing by agreeing that the old policy should cover the goods in their new location. The objection made that it did not appear that there was a consideration for such a modification of the contract clearly is without merit. Appellees might have demanded a cancellation of the policy as originally written and a return to them of the unearned premium paid on it. Their forbearance to do this alone was a sufficient consideration for the undertaking on the part of appellant that the indemnity provided by the policy should apply to the goods in their new location.

We think there is no error in the judgment, and therefore will affirm it.