## UNITED STATES FIDELITY & GUARAN-TY CO. v. TAYLOR.   (No. 2177.)

(Court of Civil Appeals of Texas.   Amarillo.
June 27, 1923.)

Insurance 419—Policy limited risk of theft of jewelry from premises named therein and from person.

Where policy covered theft losses from interior of specified premises, the risk was limited to the particular place named; and, in absence of other agreement, the policy could not be construed to cover risks more hazardous, such as loss from hotel rooms to which insured had moved.

Appeal from District Court, Wichita County; W. W. Cook, Special Judge.

Action by Roy A. Taylor against the United States Fidelity & Guaranty Company. Judgment for plaintiff, and defendant appeals.   Reversed and remanded.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellant.

Taylor & Taylor, of Wichita Falls, for appellee.

KLETT, J.   On January 19, 1920, United States Fidelity & Guaranty Company, in consideration of a premium of $79, issued a three-year policy of insurance, in the principal sum of $5,000, by which it agreed to indemnify Roy A. Taylor and the members of his family for direct loss by burglary, theft, or larceny of jewelry, wearing apparel, and household property, occasioned by its felonious "abstraction from the interior of the premises defined" in the schedule attached to the policy.   The schedule declares the statements therein contained are made the basis of the insurance.   The first five statements are:

"(1) Name of assured: Roy A. Taylor. (2) Location of building: 508 Scott, Wichita Falls, Tex.   (3) The building is a private residence. (4) The particular portion of the building described in statement No. 2, occupied by the assured, herein referred to as premises, is entire building.   (5) The premises are not used in whole or in part as a boarding or lodging house or for any business or professional purpose."

One of the conditions recited as such in the policy is that—

"This insurance shall terminate * * * (c) if the circumstances of the risk are changed without written consent of the insurer."

At the time the policy was issued, plaintiff and his wife resided at 508 Scott street, but on June 8, 1920, they moved to the Westland Hotel, Wichita Falls, to which place the property was taken and from which place the jewelry was abstracted on November 10, 1921.   Mrs. Taylor testified that after the removal to the hotel Mr. Taylor, "who had on something better than $5,000 worth of jewelry," was in California, and that she desired further insurance to cover any loss Mr. Taylor might sustain while away and paid the agent $35.25 for attaching a rider to the policy.   The agent admits that he went to the hotel, and that Mrs. Taylor asked him what protection they had, but stated that at that time he did not know their legal residence.   The rider referred to recites that—

"The insurance under this policy is extended to cover loss from highway robbery, by fire, or violence of * * * watches, jewelry, or any article of use, raiment or adornment from the person of anyone insured under this rider while wearing or carrying the same anywhere in the United States or Canada."

The jewelry was taken from the cash register of the hotel office.   The company denies liability on the ground that the policy did not cover losses of property abstracted from the hotel.   The insured replied that the insurance company's knowledge that the property had been removed, coupled with its retention of the unearned premium and collection of a further charge for the rider, constituted a ratification of the policy and a waiver of the company's right to forfeit the insurance.

[1, 2] The insurance company agreed to indemnify for two kinds of losses, to wit, one from the interior of certain premises, and the other from the person.   There is no claim that the jewelry was taken from the person and no proof that it was abstracted from the premises covered by the policy. We think the language of the policy was used to limit the risk to the particular place or person named.   The policy, construed as a whole, shows that the location specified was intended as an essential element of risk and not mere description of the property. If this construction of the policy be correct, we must enforce the contract as we find it. The company's subsequent recognition of the continued validity of the policy could not enlarge the contract or extend the insurance so as to cover risks more hazardous, in the absence of an agreement.   If there was such agreement made when the policy was taken out or when the rider was attached, and omitted by mistake, those facts could and should have been alleged and proven. Ætna Ins. Co. v. Brannon, 99 Tex. 391, 89 S. W. 1057.   The record does not show that the insurance company made any agreement, written or verbal, to indemnify the plaintiff for the loss sued on.   The plaintiff failed, therefore, to make out its case.   Caldwell v. Ill. Banker Life Ass'n (Tex. Civ. App.) 226 S. W. 746; Ruddock v. Detroit Life Ins. Co., 209 Mich. 638, 177 N. W. 242; McCoy v. N. W. Mutual, 92 Wis. 577, 66 N. W. 697, 47 L. R. A. 681.

Counsel have not cited any case directly in point, and we have not been able to find

any; but we believe the following will be found valuable: We quote first from Assurance Co. v. Miller, 91 Tex. 414, 44 S. W. 60, 39 L. R. A. 545, 66 Am. St. Rep. 901. In that case Judge Brown said:

"It is insisted by the appellee that in the ordinary use of wearing apparel, jewelry, trunks, satchels and the like they would at times be absent from the residence of the owner, and that the agent of the insurance companies knew that the assured was in the habit of taking his family with him to the different places where he held terms of the district court in his district, and must have known that such things are generally used on such occasions; therefore the policy must be construed with reference to such general and known uses by the assured, and that the case comes within the line of authorities cited by the appellee to the effect that the property thus used will be protected when absent from the house by a policy in which it is described as being 'contained' in a certain house. However in this policy the insurance company so definitely and unequivocally expresses a contract by which it is not bound for the loss of the property when absent from the named place that there is no room for construction. The protection afforded by the policy is expressly limited to the time that the subject of the insurance shall be contained in the house described and whenever it was taken therefrom it was removed beyond the protection of the contract. Green v. Insurance Co., 91 Iowa, 615; Mawhinney v. Southern Ins. Co., 98 Cal. 184; Hawes v. Insurance Company, 15 Atl. Rep. 915. The policy was not forfeited by the removal, but remained in force and covered the property when returned to the residence in Wichita Falls,—hence the rule that demands a construction which would prevent a forfeiture has no application."

In English v. Franklin Fire Insurance Co., 55 Mich. 273, 21 N. W. 340, 54 Am. Rep. 377, it was said by the Supreme Court of Michigan that—

"A further claim is, that defendant, knowing that these goods were stored in the barn, and not making any objection thereto, or cancelling the policy on that account, has waived the right to take the objection when a loss has occurred. But this is not a case of objection, and not a question of waiver. The question is, for what loss this defendant has undertaken to be responsible. Now we find the contract to be that defendant will be responsible for the loss by fire of these goods while they remain in the dwelling house, but not when out of it. But the defendant could not insist that the goods should remain in the dwelling-house; plaintiff might remove them at will, and for any reason that might incline him to do so. And this being his undoubted right, there would be nothing for defendant to waive in respect to it. Waiver implies a right to object to what is being done; but there was no such right here. The defendant merely undertook for a certain responsibility while the goods were in the house; and it was the plaintiff's option to have them there or elsewhere, as he pleased. If they were lost by fire when elsewhere, the loss was not one against which the defendant had undertaken to insure him. Nor was defendant called upon to cancel the policy by reason of the goods being removed from the building where they were insured. If the dwelling house had been repaired and the goods restored to it, the policy would again have covered them; and this, for anything that appears to the contrary may have been what both parties desired. At any rate it does not appear that the plaintiff desired the policy cancelled; and if he had desired it, the cancelment would have been optional with defendant."

We would render judgment for appellant but for the fact that there is some indication from the testimony of Mrs. Taylor and the insurance agent that there may have been a verbal understanding covering a change in the insurance. We do not wish to deprive the appellee of a fair trial on the merits if the case has not been fully developed. Texas National Fire Insurance Co. v. White (Tex. Civ. App.) 165 S. W. 118; Ludwig v. Jersey City Insurance Co., 48 N. Y. 379, 8 Am. Rep. 556.

Reversed and remanded.