BRITISH-AMERICA ASSURANCE COMPANY v. GEORGE E. MILLER.

No. 620.—Decided January 27, 1898.

1. **Insurance—Location of Property—Policy Construed.**

A policy insuring property "while contained in" a certain described building and "while located and contained as described herein and not elsewhere," does not cover a loss of the property while located in another place and building. (Pp. 417 to 420.)

2. **Same.**

The language used leaves no room for construction and the extent of the undertaking will not be affected by the fact that the property destroyed consisted of trunks, satchels, family wearing apparel, watches, etc., of insured and his family, who, as the insurer knew, spent a part of the year in another county in which he, being a district judge, held terms of court, and where they had such property when destroyed. (P. 420.)

QUESTION CERTIFIED from Court of Civil Appeals for Second District, in an appeal from Wichita County.

*Wm. Thompson*, for appellant.—When a policy of insurance limits and defines the liability of the company under the contract, no liability exists, unless the loss comes within the provision of said policy. Ins. Co. v. Long, 51 Texas, 89; Ins. Co. v. Troy Co-Operative Association, 77 Texas, 225.

Where a contract of insurance, by express terms, limits the liability of the company to such loss or damage by fire as may occur to the property, only while located and contained in a designated place, it is error to render judgment against such company for loss or damage by fire occurring at another or different location. Richards on Ins., 133, 137; Bank v. Ins. Co., 62 Texas, 461; Green v. Ins. Co., 91 Iowa, 615; Mawhinney v. Ins. Co., 98 Cal., 184; Benton v. Ins. Co., 102 Mich., 281; Ins. Co. v. Lycoming, 13 Ins. L. J., 845 (Pa. 1884); Burlington v. Campbell, 42 Neb., 208; Lakings v. Ins. Co., 28 Law. Rep. Ann., 70.

An imaginary usage or custom is never considered to control the express wording of a written contract whose terms are plain, concise and free from ambiguity. Moore v. Kennedy, 81 Texas, 144; Railway v. Gilbert, 64 Texas, 536; Weinstein v. Harrison, 66 Texas, 546; Tucker v. Smith, 68 Texas, 473; Lowenfield v. Curtis, 72 Fed. Rep., 105; Wilson v. Smith, 20 So. Rep., 134; Ah Tong v. Earl Fruit Co., 45 Pac. Rep., 7; Eaton v. Gladwell, 66 N. W. Rep., 598.

*Carrigan & Montgmoery* and *Theodore Mack*, for appellee.—Words descriptive of location might, as to one class of property, or as to one kind of insurance, be treated as a statement of fact, relating to the risk, and as amounting to a stipulation or condition that the property should remain there; while as to another class of property, or as to other kinds of insurance, it might be construed as mere description for the purpose of identification.   DeGraff v. Ins. Co., 38 Minn., 501.

The language being selected and used by the insurer to express the terms and conditions upon which it issued, the policy will be strictly construed against it and liberally in favor of the insured.   Brown v. Ins. Co. (35 S. W. Rep., 1061), 89 Texas, 590.

The language used must be construed according to the evident intent of the parties, to be derived from the words used, the subject matter to which they relate, and the matters naturally or usually incident thereto. Brown v. Ins. Co., supra.

Forfeitures are not favored in law, and if the language used is fairly susceptible of an interpretation which will prevent a forfeiture, it will be so construed.   Brown v. Ins. Co., supra.

Every doubt arising from the terms of the instrument (insurance policy) must be resolved against the insurer.   Bills v. Ins. Co., 87 Texas, 552.

The court will not imply anything in favor of a forfeiture, but must try the matter by the language used by the parties.   Bills v. Ins. Co., supra.

If the conditions or warranties be repugnant to the portions of the policy describing the subject of insurance the condition must yield to that portion which expresses the terms of liability.   Bills v. Ins. Co., supra.

A stipulation which is not upon penalty of forfeiture of rights under the policy, in event of failure to perform the same, will not render void the policy for failure to perform the stipulation.   May on Insurance, 156, 157; 1 White & Wilson, C. C., sec. 370.

A distinction is taken between property described as contained in a certain locality in the sense of being absolutely maintained or stored in one place, in which case its removal is not contemplated, and property which from its very nature must be constantly removed and therefore which the insured only intended should be permanently, though not literally, kept in the locus described, and which the parties intended should be covered when removed for a legitimate object germane to the purpose for which the article was kept.   1 Biddle on Insurance, sec. 641.

In determining the liability on an insurance policy, the terms of the contract should be construed in connection with the occupation of the assured, the ordinary use and enjoyment of the property insured, and the nature of the property and the use for which it is designed.

The circumstances surrounding the making of the contract of insurance and affecting the subject to which it relates form a context that should be resorted to for aid in determining the meaning of the words

and provisions of the contract. The contract should be liberally construed in aid of the indemnity which was in contemplation of the parties who made it. An insurance company in issuing a policy on certain kinds of property is chargeable with knowledge of the customary use to which said property is put. Words descriptive of location might, as to one class of property, be treated as a statement of facts relating to the risk and as amounting to an agreement that the property should remain there, while as to another class of property it might be construed as merely descriptive for the purpose of identification.

Insurance on wearing apparel subjects the insurer to liability if destroyed while in its ordinary use elsewhere than in the locus described. 1 Biddle on Insurance, sec. 641.

The stipulation, "all while contained in the above described holding," if entitled to be construed as a warranty, and not a representation, should only be considered as warranting the then present condition of the property, and not as a promissory warranty that it will be continued to be devoted to the same use. Ins. Co. v. Kempner, 87 Texas, 236; s. c., 12 Texas Civ. App., 533.

If the company desired to make its liability contingent upon the goods insured remaining in the dwelling house of appellee, it must have so expressed its desire by apt words. Ins. Co. v. Brockway, 28 N. E. Rep., 799.

The language of the policy being the language of the underwriters, if susceptible of two interpretations, that must be adopted which will sustain the claim of the assured, and give him the indemnity it was his object to secure. Goddard v. Ins. Co., 67 Texas, 71; Stone v. U. S. Casualty Co., 5 Vroom, 376: Cropper v. Ins. Co., 32 Pa. St., 351.

The policy in controversy was issued to appellee in January, 1896, by appellant, who knew appellee, his business, and that it was his custom to take with him his family while holding court away from home. While temporarily and necessarily away from home and in the discharge of his official duties as District Judge, and while the property, "trunks, satchels, wearing apparel, jewels and jewelry in use," covered by the insurance, was in the ordinary use for which it was designed by appellee and his family, it was destroyed by fire. McKeesport Machine Co. v. Ins. Co., 34 Atl. Rep., 16; Boyd v. Ins. Co., 21 So. Rep., 709; Graybill v. Ins. Co., 32 Atl. Rep., 632; Noyes v. Ins. Co., 64 Wis., 415; Railway v. Ins. Co., 39 S. W. Rep., 975; Peterson v. Ins. Co., 24 Iowa., 494; Mills v. Ins. Co., 37 Iowa, 400; McCluer v. Ins. Co., 43 Iowa, 349; Ins. Co. v. Strout, 44 N. E. Rep., 934; Longueville v. Ins. Co., 51 Iowa, 553; Everett v. Ins. Co., 21 Minn., 76; Smith v. Ins. Co., 32 N. Y., 399; Holbrook v. Ins. Co., 25 Minn., 229; Ins. Co. v. Graves; 12 Ins. Law Jour., 308; DeGraff v. Ins. Co., 38 Minn., 501; Haws v. Ins. Co., 15 Atl. Rep., 917; 7 Atl. Rep., 159; 2 Atl. Rep., 107; Ins. Co. v. Elliott, 9 S. E. Rep., 694; 1 Biddle on Insurance, sec. 641; 2 Beach on Insurance, 22, note; Davison v. Ins. Co., 30 Md., 91; Railway v. Ins. Co., 7 Gray, 64; Crosby v. Ins. Co., 5 Gray, 504; Allen v.

Ins. Co., 5 Gray, 384; Ins. Co. v. Bosseire, 9 G. & J., 121; Allegre v. Ins. Co., 6 H. & J., 408; Jolly v. Baltimore Eq. Soc., 1 H. & G., 295; Ins. Co. v. McLaughlin, 53 Pa. St., 487; Merrick v. Germania Co., 54 Pa. St., 282; Protection Co. v. Schell, 29 Pa. St., 31; Wall v. Ins. Co., 14 Barb., 383; Dole v. Ins. Co., 6 Allen, 373; Grandin v. Ins. Co., 107 Pa. St., 26; Roth v. Ins. Co., 6 McLean, 324; Ins. Co. v. Bruner, 23 Pa. St., 50; Ins. Co. v. McMillan, 27 Ala., 77; Beebe v. Ins. Co., 25 Conn., 51; Sayles v. Ins. Co., 2 Curt., 610; Frisbie v. Ins. Co., 27 Pa. St., 325.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Second Supreme Judicial District has certified to this court the following statement and question:

"We deem it advisable, both parties consenting, to certify to your honors for decision the controlling, if not the sole, question in this case, which briefly is, whether, upon the agreed statement below, the terms of the fire insurance policy declared on by appellee covered the loss sustained by him during the life of the policy in a fire at Henrietta, Texas, which not only destroyed the residence of one Fraser, where appellee and his family were temporarily boarding during a term of the District Court then being held by appellee, who was the then regular judge of said court, and which was known to appellant at the time of the issuance of the policy, but also $840 worth of 'trunks, * * * satchels, * * * family wearing apparel, * * * watches, jewels and jewelry in use,' belonging to appellee and then in ordinary use by himself and family, the policy having been issued to him in Wichita Falls, Texas, the place of his residence, covering all loss or damage by fire to his dwelling house there situated, as described in the policy, which policy in the printed part contained these words: 'While located and contained as described herein, and not elsewhere;' and the printed slip attached to said policy by the agent and describing the property insured expressly mentioned 'trunks, satchels, * * * family wearing apparel, * * * watches, * * * jewels and jewelry in use,' etc., 'all while contained in the above described building,' and at the bottom of said slip is written and printed: 'This form is attached to and constitutes the written and descriptive portion of Policy No. 922657 of the British-America Assurance Company of Toronto.'"

The following is a condensed statement of the facts material for the decision of the question certified to us:

Appellee George E. Miller was, on the 26th day of January, 1896, and still is, Judge of the Thirtieth Judicial District of the State of Texas, which embraces the counties of Wichita, Clay, Archer and Young. Judge Miller resided at Wichita Falls, in Wichita County, and owned a residence in that city, located as described in the policy of insurance sued on; and in which residence he resided with his family, which consisted of a wife and two children, respectively six and three years old. In the discharge of his official duties Judge Miller held

court twice in each year in the counties above named, at which times he carried his family with him; which facts were known to the agents of the appellant at the time that the policy of insurance sued upon was issued, but the agents did not know the length of time that the family remained with him at each term of the court.

Anderson, Moore and Bean were empowered to make contracts for the appellant, the British-America Assurance Company, insuring property situated in Wichita Falls against loss from fire, but were not authorized to insure property situated elsewhere.

On the 26th of January, 1896, Anderson, Moore and Bean as agents for the British-America Assurance Company made and delivered to George E. Miller a policy of insurance, from which we make the following extracts:

"British-America Assurance Company.    Toronto, Canada.

"In consideration of the stipulations herein named and of twenty-eight and 50/100 dollars premium does insure Hon. Geo. E. Miller for the term of one year, from the 26th day of January, 1896, at noon, to the 26th day of January, 1897, at noon, against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding two thousand and ninety and no/100 dollars, to the following described property while located and contained as described herein, and not elsewhere, to-wit:    *    *    *

"$850 on his Household and Kitchen Furniture, useful and ornamental, Beds, Bedding, Linen, Carpets, Plate and Plated Ware, China, Glass and Crockery Ware, Trunks, Satchels, Sewing Machines, Family Wearing Apparel, Fuel and Family Supplies; also on Musical Instruments, Printed Books and Music, Mirrors, Pictures, Paintings, Engravings, and their frames, Statuary, Bric-a-brac, Watches, Jewels and Jewelry in use, in case of loss none to be valued at exceeding cost; all while contained in the above described building."

On the seventh day of October, 1896, Judge Miller was holding a regular term of the District Court at Henrietta, in Clay County, and had with him his wife and children.    They were boarding at the house of J. A. Fraser, at which place Judge Miller and his wife had with them for the use of themselves and their children the property which was burned by fire and which was a part of the personal property described in the policy of insurance in the clause above quoted, and consisted of wearing apparel, jewelry, satchels, trunks, books, etc., which property was usually contained in the residence of Judge Miller at Wichita Falls when he and his family were at home.    At 2:30 p. m. on the said day a fire occurred at the house of Fraser by which the wearing apparel, jewelry, etc., belonging to Judge Miller was damaged and destroyed to the value of $840.

There is no dispute of the claim of Judge Miller upon any ground except that which is embraced in the question agreed upon by the parties, which is as follows: "The issue to be determined under the above facts is, whether or not defendant is liable to plaintiff under the policy.    The

loss having occurred in Henrietta, Texas, defendant claims that its policy under the facts limits its liability to losses which may occur to the property while the same is located and contained in the residence described in the policy. Plaintiff claims that the policy covers the loss at Henrietta under the facts above recited."

To the question propounded we answer that the property which was destroyed by fire at the city of Henrietta was not covered by the policy of insurance described in the statement submitted with the question, and the Insurance Company was not liable for such loss.

While it is true that courts will construe the language of an insurance policy, and especially a clause of forfeiture contained therein, most strongly against the insurer and in such manner as to protect the insured, if the language used is susceptible of such construction; it is likewise true that when a party dealing with an insurance company has made a contract which is unambiguous in its terms, courts will construe and enforce it in the same way as if made between natural persons. A number of cases have been cited which construe the language "contained in" as being descriptive of the place at which the property is located at the time the insurance is obtained, and others in which courts have held that such language must be construed with reference to the use of the property insured, that is, if its ordinary use causes it to be absent from such place and if being so absent from the place mentioned it is destroyed by fire, the property is nevertheless protected by the policy, and the insurance companies have been held to be liable therefor. McCluer v. Insurance Company, 43 Iowa, 349; Insurance Co. v. Hawes, 11 Atl. Rep., 107; Mills v. Insurance Co., 37 Iowa, 400.

But in the cases above referred to the terms of the policies were less definite than is the one now before the court. In the policy under consideration the property is insured "while located and contained as described herein and not elsewhere;" and in connection with the clause which describes the property which was destroyed by fire this language is used: "All while contained in the above described building." Showing that the property was not insured while out of the house. It is claimed by the appellee that this case comes within the rule laid down in Bills v. The Insurance Company, 87 Texas, 547, and that the language used must be construed with reference to the ordinary use of the property insured. In the case of Bills v. Insurance Co., the language under construction—a clause of forfeiture—did not in its terms embrace some of the articles that were afterwards destroyed, which were embraced in the contract part of the policy, and in discussing the effect of the forfeiture clause this court said: "If the conditions or warranties be repugnant to the portions of the policy describing the subject of insurance the condition must yield to that portion which expresses the terms of liability, as if, for instance, the body of the policy grants insurance upon a stock such as is usually carried in a country store or such as is usually carried in a retail store, and the conditions prescribing that the carrying in the stock certain articles named as

extra hazardous will cause a forfeiture of the policy, and it appears from the evidence that the articles expressly named are usually carried in such stocks and embraced in the terms of a policy describing the subject, the clause of forfeiture must yield to the language of the body of the policy and the forfeiture will not be enforced." This simply states the rule that when there is a conflict the contracting part of the policy will prevail over clauses of forfeiture. In other words, the court will not hold that the insurance company did not intend to insure that which it expressly contracted to insure; on the other hand, courts will not so construe plain language as to make a contract embrace that which it was intended not to include.

It is insisted by the appellee that in the ordinary use of wearing apparel, jewelry, trunks, satchels and the like they would at times be absent from the residence of the owner, and that the agent of the insurance companies knew that the assured was in the habit of taking his family with him to the different places where he held terms of the district court in his district, and must have known that such things are generally used on such occasions; therefore the policy must be construed with reference to such general and known uses by the assured, and that the case comes within the line of authorities cited by the appellee to the effect that property thus used will be protected when absent from the house by a policy in which it is described as being "contained" in a certain house. However in this policy the Insurance Company so definitely and unequivocally expresses a contract by which it is not bound for the loss of the property when absent from the named place, that there is no room for construction. The protection afforded by the policy is expressly limited to the time that the subject of insurance shall be contained in the house described and whenever it was taken therefrom it was removed beyond the protection of the contract. Green v. Insurance Co., 91 Iowa, 615; Mawhinney v. Southern Ins. Co., 98 Cal., 184; Hawes v. Insurance Co., 15 Atl. Rep., 915. The policy was not forfeited by the removal, but remained in force and covered the property when returned to the residence in Wichita Falls,—hence the rule that demands a construction which would prevent a forfeiture has no application. The Insurance Company, knowing that the class of property embraced in the policy was liable to be removed to other places, provided against liability for it when located at such other points by the express and plain limitations. The appellee likewise knew that in the ordinary use of the property embraced in the contract of insurance it would be carried to other places than his residence in Wichita Falls, whereby it would be voluntarily withdrawn from the protection afforded by the contract of insurance, and if he desired to have it protected while using it away from home he could have made a contract expressing such liability on the part of the Insurance Company.