FIREMAN'S INSURANCE COMPANY v. MRS. J. W. ALONZO.

No. 3466.   Decided January 3, 1923.

(246 S. W., 82.)

**1.—Insurance—Fire—Location of Property.**

A policy insured certain personal property, situated in a storage warehouse described, against loss by fire "while so located and contained as herein described, and not elsewhere." The warehouseman, without the consent or knowledge of the insurer removed his establishment and the insured property, to another building, a less hazardous risk than the first, in which it was destroyed by fire. *Held*, that under the terms of the policy the insurer was not liable for the loss. (pp. 286, 287).

**2.—Same—Statute—Warranties.**

Article 4874a, Vernon's Sayles Civ. Stats. of 1914, providing that no breach of warranty or conditions by insured shall avoid the policy unless it contributed to bring about the destruction of the property, applies only to such breaches of warranty or conditions. It does not otherwise affect the liability under the terms of the contract, as here in the case of insurance valid only while the property is located in a designated building. (p. 287).

**3.—Cases Discussed.**

British Assurance Co. v. Miller, 91 Texas, 414, followed. Allemania Ins. Co. v. Angier, 214 S. W., 450, overruled. (pp. 286, 287).

Questions certified from the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

The question having been referred by the Supreme Court to the Commission of Appeals, Section A, for its advice thereon, their opinion is adopted by the Supreme Court and is certified as its answer to the Court of Civil Appeals.

*J. W. Coke,* for appellant.

Article 4874-a of Vernon's Sayles' Annotated Civil Statutes, providing that no breach of "any of the warranties, conditions or provisions" of any insurance policy should constitute a defense to a suit for loss thereon unless the breach contributed to bring about the destruction of the property, does not apply to those provisions of a policy which undertakes to insure the property while located and contained as therein described and not elsewhere, since the location of personal property in a house when it was destroyed by fire was a mere condition or state of being in the path of the fire which could not have contributed to bring about the destruction of the property, since this statute was intended to apply only to those provisions a breach of which could, but in most instances would not in fact contribute to cause a particular loss. McPherson v. Camden Fire Ins. Co., 222 S. W., 211; Commonwealth Ins. Co. v. Finegold, 183 S. W., 833; British America Assur. Co. v. Miller, 91 Texas, 414, 39 L. R. A., 545, 66 Am. St. Rep., 901.

Where a fire insurance policy in express terms insures personal property "while located and contained as therein described and not elsewhere," the removal of such property to another location without the consent of the insurer removes such property from the protection of the policy, and if same be destroyed while in such new location no recovery can be had upon such policy. Aetna Ins. Co. v. Brannon, 99 Texas, 391; British Assurance Co. v. Miller, 91 Texas, 414; First Nat. Bk. v. Lancashire Ins. Co., 62 Texas, 461; Camden Fire Ins. Assn. v. Bond, 202 S. W., 220; 19 Cyc., 664-5; Richards on Insurance, p. 137; Wilson v. F. M. F. Ins. Co., 121 N. W., 284, 156 Mich., 545; L'Anse v. Fire Ins. Assn. of Philadelphia, 119 Mich., 427, 78 N. W., 465.

We realize that this Court has ruled against our contentions in the Angier case, but feel that an error was there committed by the court in applying to the very fundamental contract between the parties, to the very essence of their agreement, the terms of a statute intended only to apply to technical and immaterial provisions of the insurance contract.

*Sleeper, Boynton & Kendall,* for appellee.

It clearly appearing that the removal of the property from the warehouse where same was insured to the warehouse where the same was when destroyed by fire did not in any way contribute to or bring about the destruction of the insured property, the court properly held that the defendant was liable under the policy sued on and did not commit an error in rendering judgment for plaintiff. Allemania Ins. Co. v. Angier, 214 S. W., 450.

MR. PRESIDING JUDGE SPENCER delivered the opinion of the Commission of Appeals, Section A.

The Honorable Court of Civil Appeals for the Third Judicial District certified to the Supreme Court the following facts found and the questions stated:

"In this case, appellant issued to appellee a policy of insurance, covering certain personal property owned by appellee, while situated in a certain building occupied by a transfer and storage company for storage purposes. The insured property was destroyed by fire during the life of the policy, but while the property was located in a building across the street from its location when the insurance was taken out, it having been removed to the other building by the storage company. The insurance company defended on the ground that the removal of the property was without its knowledge or consent; that it had only insured such property while contained and located in the particular premises described in the policy and not elsewhere; that the destruction of the property had occurred while same was elsewhere contained and located than as described in the policy, by reason whereof it was not liable. The answer set forth, with particularity, the terms of the policy, describing the property as being located in certain particular premises, and especially the provision that the company contracted to insure the property 'while so located and contained as herein described, and not elsewhere'. There were other stipulations of the policy pleaded not necessary to set out here, whereby it was to become void if any change should be made in possession of the subject of insurance.

"The trial court overruled the defenses of the company, and rendered judgment for the plaintiff for the full amount of the policy, $500.00 and interest.

"The findings of fact of the trial judge show that the policy insured the property 'while located and contained as described herein, and not elsewhere, to-wit: while contained in the two-story, composition roof, brick building, occupied by McCrary Transfer and Storage Company'. This location was at 226-28 South Eighth Street, in Waco, Texas; and the goods were actually stored at such place at the date of the policy. Later, McCrary moved his warehouse business to another building, on another block and street, in the city of Waco, removing the property in question to the new location; and while the property was located in the new warehouse, the building and its contents, including such property, were destroyed by fire. The fire did not burn or injure the warehouse from which the property had been removed, and the former warehouse nor any of its contents has been damaged or destroyed by fire. The court further found that the building to which the property was removed, and wherein it was destroyed by fire, was in fact a less hazardous risk than the one from which it had been removed, and took a less rate of insurance premium. The removal of the property from the first warehouse was without the knowledge or consent of, or notice to

the defendant company, and it did not learn of such removal until after the fire. The court also found that the removal of the property from one warehouse to the other did not in any way contribute to or bring about the destruction of the insured property.

"Upon these findings, the trial court concluded, as a matter of law, that the plaintiff was entitled to recover, under the holding of this court in Allemania Insurance Co. v. Angier, 214 S. W., 450, construing Art. 4874a of Vernon's Sayles' Civil Statutes.

"Appellant concedes that, assuming the constitutionality of the statute, the decision of this court in Allemania Insurance Co. v. Angier, if it be correct law, would be decisive of this case, since the facts are practically identical. However, it is contended that since we decided that case, the Commission of Appeals, in several cases, in which the decisions were approved by the Supreme Court, has held that provisions in an insurance policy, the breach of which could not, in any event, bring about the loss, were unaffected by the statute, Art. 4874a, Vernon's Sayles'. The cases referred to are: McPherson v. Camden Fire Ins. Co., 22 S. W., 211; and the companion cases of Providence-Washington Ins. Co. v. Levy & Rosen, 222 S. W., 216, and Aetna Ins. Co. v. Waco Co., 222 S. W., 217.

"It is earnestly insisted that these cases are in conflict with the construction we placed upon the statute in the Angier Case, in which an application for writ of error was recently dismissed by the Supreme Court, for want of jurisdiction.

"In view of this state of the decisions, and the fact that the instant case does not involve an amount sufficient to confer jurisdiction upon the Supreme Court by writ of error, we certify to your Honors for decision this question:

"In view of Art. 4874a, Vernon's Sayles' Civil Statutes, 1914, did the removal of the property in question, without the knowledge or consent of the insurance company, render the policy void, or constitute a defense available to the insurance company, in a suit for loss under the policy?"

The decision in British Assurance Company v. Miller, 91 Texas, 414, 44 S. W., 60, 39 L. R. A., 545, 66 Am. St. Rep., 901, controls the answer to the question certified unless the value of that decision as a precedent is affected by Art. 4874a of Vernon's Sayles' Civil Statutes of 1914, which was enacted subsequent to the rendition of the opinion.

In that case, a provision of an insurance policy in language identical with the language now under consideration was construed. The property insured included the wearing apparel and personal effects of the insured. These articles, or some of them, were taken by the insured to a location other than that designated by the policy and while at the latter place were destroyed by fire. In an action upon the policy for the value of the goods destroyed, the insurer con-

tended that the policy did not extend protection to the place to which the goods were removed; but confined its protection to the place designated in the policy. The insured contended that the policy should be construed most strongly against the insurer and in favor of the insured to prevent a forfeiture.

The Supreme Court held that the policy was not forfeited by the removal of the goods to a location other than designated in the policy but that it remained in full force and covered the property when returned to the place mentioned in the policy. It further held that the protection afforded by the policy was expressly limited to the time that the subject of the insurance should be contained in the house described and that whenever the subject of the insurance was taken from the house it was removed beyond the protection of the contract.

The facts of the two cases being similar, they cannot be distinguished upon principle. The rule announced in the Miller Case governs, therefore, unless, as stated, the statute has affected the clause of the contract now under consideration.

The statute does not, in our opinion, in anywise affect the provision of the policy. The Legislature did not intend by the Act to undertake to import into contracts of insurance provisions extending protection where none was intended by the parties. This would in effect be making contracts for the parties;—an intention absolutely foreign to the legislative mind. The purpose of the Act was not to write into insurance contracts something which is not to be found therein, but only to declare what the effect of a breach or violation by the insured of a warranty, condition or provision, contained in the policy would be in those cases where the breach or violation did not contribute to bring about the destruction of the property insured. The Act operates only in those cases where there has been a breach or violation of a warranty, condition or provision of an insurance policy; but which breach or violation did not contribute to bring about the destruction of the property. As there was no breach or violation of any warranty, condition or provision of the policy, the statute has no application.

The decision by the Honorable Court of Civil Appeals in the case of Allemania Insurance Co. v. Angier, 214 S. W., 450; being in conflict with the conclusions we have reached, it is disapproved.

Therefore, in answering the question certified, we hold that the destruction of the property by fire at a place other than that designated by the policy constituted a defense available to the insurance company and that Art. 4874a in nowise affects this defense.

By the Supreme Court.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton, Chief Justice.*