## HARTFORD FIRE INS. CO. v. OWENS. (No. 10918.)

(Court of Civil Appeals of Texas. Fort Worth. Jan. 24, 1925. On Motion for Rehearing, March 14, 1925. Further Rehearing Denied April 11, 1925. Writ of Error Refused May 6, 1925.)

**1. Insurance ⬥283(2), 330(1)—Provision against liability for loss of property while incumbered by lien or mortgage void.**

Provision in policy against liability for loss or damage to insured automobile, "while incumbered by any lien or mortgage," held void, under Vernon's Sayles' Ann. Civ. St. 1914, art. 4892, as provision for forfeiture.

**2. Insurance ⬥421—Insured held entitled to recover for loss of car by fire while in possession of thief.**

Owner of automobile, destroyed by fire while in possession of thief during life of policy insuring it against fire and theft, held entitled to recover for loss by fire, in absence of proof that he would never have recovered it even if car had not burned.

**3. Insurance ⬥283(2), 330(1)—Breach of condition against incumbrance of property by lien, no defense whether it contributed to loss or not.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 4892, precludes defense to suit on insurance policy that property insured is incumbered by lien or mortgage, whether breach of condition against such incumbrance contributed to or brought about loss, as required by article 4874a, or not.

**4. Insurance ⬥665(4)—Insured's estimate held sufficient proof of market value of automobile.**

In action on automobile insurance policy, plaintiff's estimate of value of car as $1,500 held sufficiently definite proof of market value, though given in halting and indefinite manner, where no witness testified that it was worth less, and $800 was maximum insurance and principal amount for which judgment was rendered.

**5. Appeal and error ⬥768—Uncontroverted statement in appellant's brief accepted as correct.**

Statement in appellant's brief, not controverted in appellee's briefs, accepted as correct without examining statement of facts.

**6. Insurance ⬥598—Interest not recoverable by insured making no proof of loss as required by policy.**

Where insured fails to make proof of loss, as required by policy, it is error to allow interest on amount of policy from date of loss.

On Motion for Rehearing.

**7. Insurance ⬥665(8)—Judgment awarding interest on amount of policy from date of loss affirmed, notwithstanding failure to make proof of loss.**

Evidence of local agent's promise to send proof of loss to company, adjuster's request that insured sign statement to be sent to company, and his subsequent letter informing insured of company's denial of liability, held to require affirmance of judgment for insured in amount of policy with interest from date of loss, notwithstanding failure to make proof of loss.

**8. Appeal and error ⬥1171(2)—Interest awarded on amount of policy held too small to require remittitur of excess.**

$33.25 interest awarded on amount of $800 policy from date of loss held too small, under maxim de minimis lex non curat, to warrant remittitur of excess, if any.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Wichita County; John Davenport, Special Judge.

Action by Z. P. Owens against the Hartford Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Thompson, Knight, Baker & Harris and Pinkney Grissom, all of Dallas, for plaintiff in error.

Bonner, Bonner & Sanford, of Wichita Falls, and H. G. Bennett, of Burkburnett, for defendant in error.

DUNKLIN, J. The Hartford Fire Insurance Company has appealed from a judgment recovered against it by Z. P. Owens, for the value of an automobile on an insurance policy issued by the company insuring the car against the risks of fire and theft.

The principal defenses to the suit were based on these two provisions in the policy:

"Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damages to any property insured hereunder

"(a) While incumbered by any lien or mortgage.

"(b) While the automobile described herein is frequently or habitually used as a public or livery conveyance for carrying passengers for compensation, and for one week after the termination of said use; or while being rented under contract or leased, or operated in any race or speed contest."

The trial was without a jury, and the trial judge filed findings of fact and conclusions of law which appear in the record.

The evidence showed, and the court found, that the automobile was incumbered by a mortgage lien at the time the policy was issued, and that no agreement was added to the policy by which the company waived its right, if any it had, to resist payment of it by reason of that fact. To overcome that defense, plaintiff relied in part upon the provisions of article 4892 of our Revised Civil Statutes (Vernon's Sayles' Ann. Civ. St. 1914), which reads as follows:

"Any provision in any policy of insurance issued by any company subject to the provisions of this act to the effect that if said property is incumbered by a lien of any character or shall after the issuance of such policy become incumbered by a lien of any character, that such incumbrance shall render such policy void, shall be of no force and effect, and any such provision within or placed upon any such policy shall be absolutely null and void."

[1] Discussing the first provision of the policy quoted above, appellant contends, in effect, that the language used, "while incumbered by any lien or mortgage," is not a provision for forfeiture of a policy already in force, but merely a stipulation indicating the time during which the policy would not be effective, and that therefore the statute quoted has no application. Differently expressed, the contention is, in effect, that, if the automobile had been unincumbered at the time the policy was issued, and the mortgage placed on it later, the policy would have been valid while unincumbered, but of no binding force so long as the incumbrance remained against it; and that, since the mortgage given by Owens existed at the time the policy was issued and was never removed, the policy never became effective.

In the absence of article 4892 of our Statutes, the decision of our Supreme Court in British American Assur. Co. v. Miller, 91 Tex. 414, 44 S. W. 60, 39 L. R. A. 545, 66 Am. St. Rep. 901, to say the least, tends strongly to support that contention. In that case it was held that Judge Miller could not recover for the loss of certain personal effects destroyed by fire in Henrietta, where he had carried them while temporarily holding court, because the policy stipulated that they were insured "while" located in his home in Wichita Falls; the holding being that the removal of the property did not forfeit the policy but merely suspended it during the absence of the property from the owner's home, and that the stipulation discussed was a limitation of time during which the policy would be effective.

In G. C. & S. F. Ry. Co. v. Howard, 97 Tex. 513, 80 S. W. 229, a like construction was placed on the language of a statute making railroad companies liable for injuries to their servants "while engaged" in the operation of locomotives; the conclusion being that that language was a limitation of time within which compensation could be claimed. However, it is to be noted that that construction was of a statute and not of language of a contract claimed to be in violation of a statute.

In Hanover Fire Insurance Co. v. National Exchange Bank (Tex. Civ. App.) 34 S. W. 333, the collection of a fire insurance policy was refused by reason of language contained in it to the effect that it would be void if the property covered be incumbered by a lien; the proof showing that it was so incumbered at the time the policy was issued. The effect of that decision was that the policy never took effect.

In Merchants' & Bankers' Underwriters v. Williams (Tex. Civ. App.) 181 S. W. 859, a like construction was announced of an insurance contract which stipulated that title to the land upon which the building insured was situated must be in the insured. It was held that the policy never became operative, because the insured never owned title.

But article 4892 of our Statutes was not enacted until the year 1913, which was after all the decisions noted above had been rendered, and, even if it be conceded that under the rule announced in the Miller Case and others that, in the absence of that statute, the

policy at issue in the present suit should be construed as never having taken effect by reason of the incumbrance on the automobile, the further question arises as to whether the provision quoted from the policy can be given effect as a mere time limit or condition of insurance, as insisted by appellant, without doing violence to the terms of article 4892.

We have reached the conclusion that the construction so invoked by appellant should be overruled. While the language of the exemption clause of the policy is not in the specific terms of the provision which the statute stipulates shall be null and void, it should be construed as substantially the same. Any other construction would be a play upon words that would defeat the obvious meaning and purpose of the statute. The statute expressly renders of no force or effect a provision that the policy shall become void if the property insured is incumbered by a lien at the time of its issuance, or becomes so incumbered thereafter. Evidently the term "void," as there used, was not used in a strictly technical sense, for it cannot be reasonably supposed that the Legislature had in contemplation that a provision might be inserted in a policy, rendering it void from its inception, if the property should be incumbered by a lien at any time after its issuance. The manifest purpose of the statute was to cut off the defense to a suit to collect the policy, based on the fact that the property was incumbered when the policy was issued or at any time thereafter. If not prevented by statute, the parties to an insurance policy have the right to contract in the language of the policies of the Miller Case, and other cases cited above, but the insurer cannot evade the statute by merely using language in the exemption clause different from that used in the statute, but intended to accomplish the same purpose as that which was prohibited by the statute and clearly apparent from its terms.

[2] In International Indemnity Co. v. Duncan, 254 S. W. 233, the Court of Civil Appeals of the Fifth District affirmed a recovery on a policy of insurance on an automobile against fire and theft that contained a stipulation of exemption from liability substantially the same as the one in this case. In that case it further appeared, as was shown in this case, that the automobile was stolen from the insured and very shortly thereafter was destroyed by fire while in the possession of the thief. And the insurance company also contended, as is insisted by appellant in this case, that the loss of the car by the owner was by reason of the theft and not by fire. That contention was specifically discussed and overruled; the argument advanced being to the effect that title did not pass to the thief, but was in the insured at the time the machine was burned, and therefore the insured was entitled to recover under the provision in the policy insuring it against loss by fire.

The action of the Supreme Court in dismissing an application for a writ of error to that decision suggests a probable holding that the construction of article 4892 involved in the decision was not erroneous (Rev. Stats. [Vernon's Sayles' Ann. Civ. St. 1914] art. 1521, subd. 3), since the recovery sought was for $3,000, the amount of insurance stipulated in the policy.

But, aside from that inference, we believe the conclusion reached by the Court of Appeals is sound, and no authority has been cited by appellant which, in our opinion, is in conflict with it. In this case, as in that, not only is it true, as a matter of course, that title to the car never passed from the insured, but it was also an undisputed fact that it was destroyed by fire during the life of the policy. That made a prima facie case for recovery for loss by fire which could not be overcome on the theory that it was a loss by theft, except by a showing that, even if the car had not burned, the owner would never have recovered it. And, in the absence of proof that it was burned, the owner could have recovered only on the provision insuring against theft.

[3] Article 4874a, Vernon's Sayles' Ann. Civ. Statutes, reads as follows:

"That no breach or violation by the insured of any of the warranties, conditions or provisions of any fire insurance policy, contract of insurance, or application therefor, upon personal property, shall render void the policy or contract, or constitute a defense to a suit for loss thereon, unless such breach or violation contributed to bring about the destruction of the property."

In Fireman's Ins. Co. v. Alonzo, 112 Tex. 283, 246 S. W. 82, it was held by the Commission of Appeals that the removal of property covered by a fire insurance policy from the warehouse in which it was stored, at the time the policy was issued to another warehouse across the street in the same town, without the consent of the insurer, avoided the policy. The policy stipulated that the property was insured "while" it was located in the warehouse first mentioned. The court held that the decision of the Supreme Court in the Miller Case, 91 Tex. 414, 44 S. W. 60, 39 L. R. A. 545, 66 Am. St. Rep. 901, controlled, and that the policy was not in force when the property was burned, as was pleaded by the insurance company. The provisions of article 4874a were invoked by the owner of the property as precluding that defense, and the trial court found that the building to which the property was removed was in fact a less hazardous risk than the one from which the property had been removed, and required a lower rate of insurance. But that court further found that neither the ware-

·house where the property was located at the time of the issuance of the policy, nor any of its contents, was burned or damaged by the fire. The Commission of Appeals held that the statute invoked had no application, saying:

"The act [article 4874a] operates only in those cases where there has been a breach or violation of a warranty, condition or provision of an insurance policy, but which breach or violation did not contribute to bring about the destruction of the property. As there was no breach or violation of any warranty, condition, or provision of the policy, the statute has no application." \

In Boatner v. Providence-Washington Ins. Co., 241 S. W. 136, the Commission of Appeals held that article 4874a did not preclude the defense which was urged and sustained to a suit to collect a policy by reason of the breach of a stipulation contained in it that the same should be void if the insured "now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." And in support of that conclusion the court quoted the following from the opinion of Chief Justice Cureton in Philadelphia Underwriters' Agency v. Driggers, 111 Tex. 392, 238 S. W. 633:

"This act has reference only to those warranties and provisions in policies the breach of which might contribute to or bring about a fire loss. McPherson v. Camden Fire Insurance Co. (Tex. Com. App.) 222 S. W. 211; Providence-Washington Insurance Co. v. Levy & Rosen (Tex. Com. App.) 222 S. W. 216; Ætna Insurance Co. v. Waco Co. (Tex. Com. App.) 222 S. W. 217; Merchants' & Mfrs.' Lloyd's Ins. Exch. v. Southern Trading Co. (Tex. Com. App.) 229 S. W. 315; Humphrey et al. v. National Fire Insurance Co. (Tex. Com. App.) 231 S. W. 750. The clauses in the policies sued on, to the pleading of which by appellants' exceptions were sustained, are not within the purview of this act. A violation of these provisions manifestly could not contribute to or bring about the destruction of property by fire. In the case of Merchants' & Mfrs.' Lloyd's Exch. v. Southern Trading Co., cited above, the Commission of Appeals correctly held that the record warranty clause contained in fire policies in the state of Texas is not affected by the act above quoted."

Those decisions are not applicable to the present suit. The language of article 4874a, which was construed as having "reference only to those provisions in policies the breach of which might contribute to or bring about a fire loss," was "*warranties, conditions* or *provisions* of any fire insurance policy, contract of insurance, or application therefor, upon personal property.*" * * * (Italics ours.) While article 4892 definitely and specifically precludes a defense to the collection of such a policy as therein referred to, by reason of the breach of a provision in the policy that it would be void if the property covered by the policy "*is incumbered by a lien of any character or shall after the issuance of such policy become incumbered by a lien of any character.*" (Italics ours.) That language is too plain and specific to leave any room for a difference of opinion as to what the Legislature meant by employing it.

· The trial judge found that plaintiff was engaged in the business of transporting passengers for hire from the town of Burkburnett, where he resided, to the city of Wichita Falls, and used automobiles for that purpose, that Ford cars were the machines regularly employed by him in that service, but that he occasionally used the Cole 8, the car covered by the insurance policy sued on in this case, whenever one of the Ford cars happened to be out of order. But there was a further finding that the Cole 8 car was not frequently or habitually used as a public or livery conveyance for carrying passengers for compensation within the meaning of the provision in the policy that that car would not be insured while being so used, and which provision and the alleged breach thereof was specially pleaded as a further defense to the suit. While there was evidence tending to contradict the truth of that finding, yet it has sufficient support in other testimony introduced, and therefore we overrule the assignment challenging it, on the ground that it was without evidence to support it and contrary to the uncontroverted testimony of plaintiff himself.

[4] Nor can we sustain the further contention that plaintiff's testimony as to the value of the car, which was the only testimony as to its market value, was too indefinite to amount to legal proof of such value. While plaintiff's estimate was given in a halting and rather indefinite manner, his estimate was in the sum of $1,500, and no witness testified that it was worth less than that sum, and $800 was the maximum of insurance and the amount for which judgment was rendered, exclusive of interest.

The foregoing conclusions render it unnecessary to discuss other assignments of error challenging further findings of the trial judge, to the effect that at all events appellant waived its right to urge the defense based on the incumbrance existing against· the car at the time the policy was issued, by reason of the knowledge of such incumbrance by W. U. McCutcheon, with whom plaintiff negotiated for the insurance, and who actually delivered it and collected the premiums, and who the court found was the duly authorized agent of the defendant in all those matters.

[5, 6] .The insurance policy contained this provision:

"Payment on Loss. This company shall not be held to have waived any provision or contention of this policy or any forfeiture thereof by any requirement, act or proceeding on

its part, relating to the appraisal or to any examination herein provided for and the loss shall in no event become payable until sixty days after the notice, ascertainment, estimate and verifying proof of loss here required have been received by this company."

The car was burned on October 5, 1922, the date of the judgment was June 13, 1923, and the amount of the judgment was $833.25. That sum included $800 as the value of the car, and $33.25 as interest from the date of the loss to the date of the judgment. In appellant's brief, the following is said: "The statement of facts does not show that proof of loss was ever made."

That statement in the brief is not controverted by appellee in briefs filed by him, and we shall accept it as correct, without undertaking to verify its correctness by an examination of the statement of facts; and accordingly the contention presented, that the court erred in allowing a recovery of $33.25, as interest in addition to the principal of $800, is sustained, and the entire judgment will be reversed, and the cause will be remanded to the trial court for excessiveness, unless appellee shall within 20 days from this date file a remittitur of such interest. Fire Ass'n of Philadelphia v. Strayhorn (Tex. Com. App.) 211 S. W. 447. If the remittitur so suggested be filed within the time named, then the judgment of the trial court will be affirmed for the amount rendered less such interest; but all costs of appeal will be taxed against appellee in either event.

### On Motion for Rehearing.

We have carefully considered the motion for rehearing by plaintiff in error. The questions therein presented have been disposed of on original hearing, and, after a due consideration of the further argument and authorities, we adhere to the conclusion already reached without a further discussion of the questions involved, and accordingly the motion for rehearing by plaintiff in error is overruled.

[7] The defendant in error has likewise filed a motion for rehearing, in which he points out for the first time evidence appearing in the statement of facts which shows without contradiction that McCutcheon, the local insurance agent with whom plaintiff negotiated for the insurance, and who delivered the policy to the plaintiff and collected from him the premium, was informed of the theft of the car and its destruction by fire on the morning following the loss of the car, and then and there promised to write out a claim for the plaintiff and send in proof of the loss to the company. The proof further showed that, at the request of McCutcheon, plaintiff went to Wichita Falls with him, where he met Mr. Moore, the company's adjuster, who wrote up a statement and had plaintiff sign it, saying that he wanted it to send to the defendant company in order that it might be paid. The proof further showed that on November 29, 1922, R. R. Moore, adjuster for the defendant company, wrote plaintiff a letter calling his attention to the fact that the writer had several times personally discussed plaintiff's claim against the defendant company on account of the theft and subsequent burning of the automobile described in the insurance policy, and that the writer regretted to inform the plaintiff that the defendant company would not pay the claim, by reason of the fact that the policy was void, according to its terms and conditions. The letter further stated that if plaintiff would surrender the "policy to Mr. C. E. McCutcheon of Burkburnett, the broker with whom you placed the insurance on this automobile, he will return to you the check for the premium paid on said policy." According to the testimony of witness Robbins, the date of the trip made by Owens to the office of Moore, the adjuster, was 3 or 4 days after plaintiff reported the loss of his car.

In Delaware Underwriters v. Brock, 109 Tex. 429, 211 S. W. 779, it is held to be the settled law of Texas that a denial of liability by an insurance company matures the claim for loss, based on a policy upon which the suit was instituted.

[8] In view of the evidence referred to above, we are unable to say with certainty that the court allowed interest in an amount in excess of what should have been allowed. At all events, if there be excess, the amount is too small to merit consideration under the maxim de minimis lex non curat.

Accordingly, the motion for rehearing by defendant in error is granted, and the judgment of this court on original hearing will be so changed as to affirm the judgment of the trial court in its entirety, and all costs of appeal, as well as that incurred in the trial court, are adjudged against plaintiff in error.