## FIDELITY & DEPOSIT CO. OF MARYLAND v. B. & J. SALES CO. (No. 311.)

Court of Civil Appeals of Texas. Eastland.
May 13, 1927.

1. **Insurance ⨺425—Burglary loss after manipulation of lock on safe held not covered by policy requiring visible marks.**

Loss by burglary of safe by manipulation of lock *held* not covered by policy requiring visible marks on safe made by tools, explosives, chemicals, or electricity, notwithstanding marks in or about minor compartment within safe, where loss was from that part of safe outside of such compartment.

2. **Insurance ⨺146(3)—Provision of burglary policy requiring marks of violence and provision excluding loss by manipulation of lock held not ambiguous, requiring construction against insurer.**

In policy of burglary insurance covering safe, provision requiring visible marks of force and violence made on safe by tools, explosives, chemicals, or electricity, and provision that loss effected by opening safe by key or manipulation of lock was not covered, *held* not conflicting or ambiguous so as to require construction against insurer.

Appeal from District Court, Dallas County.

Action by the B. & J. Sales Company against the Fidelity & Deposit Company of Maryland. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Albert B. Hall, of Dallas, for appellant.

Read, Lowrance & Bates and J. P. Rice, all of Dallas, for appellee.

LESLIE, J. April 1, 1924, appellant, Fidelity & Deposit Company of Maryland, defendant below, issued and delivered to appellee, B. & J. Sales Company, plaintiff below, an insurance policy containing provisions indemnifying appellee against loss by burglary, committed by means therein specified. This is a suit to recover a loss alleged to be covered by the terms of the policy, and the first paragraph of the indemnity agreement is:

"I. To indemnify the assured for all loss by burglary occasioned by the abstraction of any such property from the interior of any safe or vault described in the declarations and located in the assured's premises by any person or persons making felonious entry into such safe or vault by actual force and violence, of which force and violence there shall be visible marks made upon such safe or vault by tools, explosives, chemicals or electricity."

The indemnity was against loss of moneys, securities, and for damages to fixtures, safes, vaults, etc., * * * to the extent of $1,000. Following paragraphs I, II, III, and IV, and under the heading, "This Agreement is Subject to the Following Conditions," are found other provisions material to the consideration of the propositions presented by this appeal, to wit:

"A. * * * Definitions of merchandise, money, securities," etc.

"B. The company shall not be liable for loss of money, securities or merchandise contained in a safe or vault that is not burglar-proof unless taken from an inner steel burglar-proof chest closed and locked as hereinafter provided, and opened by actual force and violence as aforesaid, or unless such safe or vault is described and insured hereunder as fireproof only.

"C. The company shall not be liable * * * unless all vault, safe and chest doors are properly closed and locked by a combination or time lock at the time of the loss or damage; nor if effected by opening the door of any vault, safe or chest by the use of a key or by the manipulation of any lock. * * *"

Appellant answered by demurrers, general and special, general denial, and asserted that the loss, if any, was not covered by the policy because it was effected by the use of a key or by the manipulation of a lock, and not by the use of tools, explosives, chemicals, or electricity, visible marks of which force and violence must appear upon such safe or vault, etc. Demurrers were overruled, trial had before the court, resulting in a judgment for appellee for $503.03. Appeal has been perfected to this court.

Appellant presents five assignments of error assailing the action of the trial court in entering such judgment, in that the terms of the insurance policy in question did not insure against loss from a safe which the evidence showed to have been opened without the use of force and violence, visible marks of which must appear upon the safe or vault, and where the evidence showed the loss was occasioned by entry into the safe "by working the combination lock thereof or by manipulating the same."

The appellee seeks to uphold the judgment of the trial court upon the ground that the safe in question was denominated a "fireproof" safe only, and that the provision of the policy above set out, with reference to requirements of actual visible marks of force and violence being shown upon the safe and arising from the use of certain agencies, and the provision that the policy does not cover a loss when the safe is opened by the manipulation of the combination lock, apply to other and different kinds of safes and not to the one in the instant case. The appellee fur-

ther contends that any marks showing the use of force on or *in* a safe insured as fireproof only meets the requirements of the policy and that appellant is therefore liable because of proof or marks of force and violence on the safe and *in the interior thereof.* (Italics ours.)

The appellee introduced in evidence the policy of insurance. Its form was designed to cover insurance in cases where the assured was making use of either of three classes of safes: (1) "Fireproof"; (2) "Burglar-proof"; and (3) "Fireproof with burglar-proof chest." In the third case, provision B of the policy prescribes the additional requirement that to render the company liable, "the money, etc., must be taken from an inner, steel, burglar-proof chest, closed and locked as hereinafter provided and opened by actual force and violence as aforesaid." The safe in the instant case was described as "fireproof."

[1] According to the testimony the safe contained "a little compartment with a steel door that had been damaged to some extent; that the steel box in the upper left-hand corner of the safe had been pried with a sharp instrument and torn slightly loose from its anchorage and the wooden board supporting it torn loose and a little splint on the side." This is substantially appellee's testimony on the point and relates to marks in or about a minor compartment within the safe. The evidence did not affirmatively show the door to such compartment to have been locked. However, such marks become unimportant in the disposition of this appeal, since it is not contended that the money lost was placed in said minor compartment of the safe, and since the undisputed testimony shows: (1) That the appellee's whole loss was from that part of the safe outside of any minor compartment; (2) that the outside door of the safe was closed and locked after the money was deposited therein; (3) that such door had not been broken open and the safe had on it no visible marks of force and violence made upon it by tools, explosives, chemicals or electricity; and (4) that the safe door had been opened by some one working or manipulating the combination lock. Clearly the money was not taken from any compartment to which access thereto had been gained by the use of tools, chemicals, etc., in opening the door thereof. As we view it, the marks within the safe and on or about the minor compartment therein do not show entry into the safe itself by actual force and violence evidenced by the use of tools, explosives, etc., thereon. We therefore conclude that the appellee's loss does not come within the terms of the policy rendering the appellant liable for the loss sustained under the facts of this case. Blank v. National Surety Co., 181 Iowa, 648, 165 N. W. 46, L. R. A. 1918B, 562; Maryland Casualty Co. v. Ballard County Bank. 134 Ky. 354, 120 S. W. 301; Brill v. Metropolitan Surety Co. (Sup.) 113 N. Y. S. 476; U. S. Casualty Co. v. Medcalf &

Thompson (Tex. Civ. App.) 272 S. W. 539.

While the testimony in this case evidences a burglarious entry into the building through a rear door thereof, yet the policy does not purport to cover all loss sustained from such entry into the building containing the safe, but only losses traceable to entry into the safe in certain specific ways and by the use of designated instrumentalities.

[2] The policy, by its indemnity paragraph I, first quoted, clearly covers loss of money, etc., taken from the interior of each class of safes aforesaid, provided access to the money was gained by a felonious entry into such safe by actual force and violence, of which force and violence there shall be visible marks made upon such safe by tools, explosives, chemicals, or electricity, and no doubt as to the policy's coverage is created by a later provision therein expressly providing that loss shall not be covered if the same is "effected by opening the door of any vault, safe, or chest by the use of a key or by the manipulation of any lock." The indemnity provision and the provision of exclusion confirm each other, are not conflicting or ambiguous when taken together, and there is no occasion for the application of the well known rule of construction which requires doubtful or ambiguous language found in policies of insurance to be construed most strongly against the insurer. The language of the policy is clear in its meaning. U. S. Casualty Company v. Medcalf (Tex. Civ. App.) 272 S. W. 539; British America Assur. Co. v. Miller, 91 Tex. 414, 44 S. W. 60, 39 L. R. A. 545, 66 Am. St. Rep. 901.

The appellee relies chiefly upon the opinion in the National Surety Company v. Chalkley (Tex. Civ. App.) 260 S. W. 217. That case has no application, because as said therein:

"The evidence did not show how the outer door of the safe was opened, and the court could not have found that it was done with a key or by manipulation, even if such finding had been requested by appellant, which was not done. The evidence showed that the property in the safe was obtained by an actual breaking into the house and an actual breaking by force and violence of the inside compartments of the safe."

In the instant case the property was not obtained by actual breaking by force and violence of the inner compartment of the safe, and the testimony showed that access to the money was obtained by opening the outer door of the safe by working the combination thereof. The appellee's general manager testified:

"It was opened by working the combination by some one who was able to work it or who was skillful enough to manipulate it."

The propositions advanced by appellant and herein discussed are controlling and render it unnecessary to consider any other assignments. The case has been fully devel-

oped. It rests upon the contents of the insurance policy and testimony offered by appellee. The judgment will therefore be reversed and judgment here rendered that appellees take nothing of appellant.