## UNITED STATES FIRE INS. CO. OF NEW YORK et al. v. ROTHWELL.
### No. 1425—6050.

Commission of Appeals of Texas, Section B.
May 31, 1933.

Thompson, Knight, Baker & Harris and Robert Lee Guthrie, all of Dallas, for plaintiffs in error.

Beeman Strong and A. D. Moore, both of Beaumont, for defendant in error.

SHORT, Presiding Judge.

This suit involves less than $500, and was brought by the defendant in error against the plaintiffs in error, the United States Fire Insurance Company of New York and the Franklin Fire Insurance Company of Philadelphia, and a judgment was rendered for the amount sued for upon three policies of insurance on account of a loss by fire of certain wearing apparel, bed linen, and towels. The aggregate amount of the three insurance policies was $25,000, and they were intended to cover loss by fire of all the personal property contained in the dwelling house of the defendant in error, located on a certain lot in the town of Beaumont. The particular articles destroyed by fire were not in the dwell-ing house at the time of their destruction, but had been removed to a washhouse on the premises a few feet away on the day before, and the following morning, about 4 o'clock, the washhouse was destroyed, including these particular articles. The value of the articles is not in dispute, and the liability of the plaintiffs in error is dependent upon the construction of the language of the policies. The trial court, trying the case without a jury, rendered a judgment for the value of the destroyed property, and the Court of Civil Appeals at Beaumont affirmed that judgment. 39 S.W.(2d) 115.

The case has reached the Supreme Court on account of the alleged conflicts between the opinion of the Court of Civil Appeals and that of the Supreme Court in the British America Assurance Co. v. Miller, 91 Tex. 414, 44 S. W. 60, 39 L. R. A. 545, 66 Am. St. Rep. 901, and that of the Commission of Appeals in Fireman's Insurance Co. v. Alonzo, 112 Tex. 283, 246 S. W. 82.

The first assignment of error and the two propositions presented under it by the plaintiffs in error present the sole question involved in this case:

### "First Assignment of Error.

"The Honorable Court of Civil Appeals erred in holding that where personal property, insured 'while contained in a particular dwelling and not elsewhere', was destroyed by fire while contained in a building other than that described in the policy of insurance, it would be covered by the policy of insurance.

### "First Proposition.

"Where a policy of insurance specifically provides that personal property will be insured while contained in a particular dwelling and not elsewhere, if the property is removed from the dwelling described in the policy and while removed destroyed by fire, the personal property is not covered by the policy of insurance.

### "Second Proposition.

"A policy which specifically provides that personal property would be insured while contained in a particular dwelling does not cover personal property removed from the dwelling described in the policy to another place of deposit."

The statement under the foregoing assignment and propositions present the facts as reflected by the record: "The case was tried below on an agreed statement of facts. It was agreed between the parties that personal property destroyed by fire was destroyed while contained in a building other than that described in the policies of insurance. The policies of insurance specifically provided that the personal property would be insured while contained in the dwelling described in the policies and not elsewhere. The property

involved in this law suit was destroyed while temporarily removed from the dwelling of Rothwell, which was the building described in the policies of insurance, to an out house, or wash house, not in any way connected with the dwelling but on the assured's premises."

It is the contention of the plaintiffs in error that the language of the policies of insurance is so clear and definite that it is not the subject of construction. Upon the other hand, the contention of the defendant in error is presented by the following counter proposition: "When a fire insurance policy is issued to cover personal property such as wearing apparel, bed linens, table linens, etc., the very character of which property is such that the contracting parties must have known and contemplated that in its ordinary use said property would necessarily, and often, be out of the usual place of deposit, a loss caused by destruction of same by fire while temporarily removed from said usual place of deposit, (the reason for such removal being a use that is necessarily incident to the enjoyment of said property) but while still on the premises, and under the control, of the insured, will be construed as covered by said policy."

There were three policies of insurance aggregating $25,000, and each of these policies contained substantially the following provisions:

"In consideration of the stipulations therein named and of $187.85 premium, does insure T. F. Rothwell, for the term of three years from the 21st day of February, 1928, at noon, to the 21st day of February, 1931, at noon, against all direct loss or damage by fire, except as hereafter provided, to an amount not exceeding $13,000.00, to the following described property while located and contained as described herein and not elsewhere, to-wit:

"1. $Nil On the two-story shingle roof, frame building and additions attached thereto, including the heating and lighting apparatus and all permanent fixtures, while occupied by owner and not otherwise as a dwelling, situated as follows: No. 888 Calder Avenue, in Calder Addition to Beaumont, Texas, being Lot No. ——, Block No. 3, Map p. 57.

"2. $13,000.00 on Household furniture, useful and ornamental, Beds, Bedding, Linen, Wearing Apparel of Family, Printed Books, Pictures, Paintings, Engravings and their Frames (value on said Pictures, Paintings, Engravings and their Frames in case of loss not to exceed cost), Musical Instruments, Baby Carriages, Amateur Photographic Outfit and Supplies, Mechanics' Carpenter and Garden Tools and Implements, Typewriters, Electrical Apparatus, Appliances and Devices, Scientific Apparatus, Appliances, Devices and Implements, Plate and Plated Ware, China, Glass and Crockery Ware, Watches and Jewelry in use, Sewing Machine, Trunks, Valises, Bicycles, Fire Arms, Sporting Goods, Fuel and Family Stores; all while contained in the above described building."

■■ The opinion of the Court of Civil Appeals in this case indicates that the court presumed that it had the right to construe the policies of insurance which were involved, and, having this right, it construed the policy most strongly against the makers of the policy, and most favorably in favor of the insured, following the well-known rule in such cases that, where the terms of an insurance policy are subject to two constructions, one favorable and the other unfavorable to the insured, the court shall give that construction which is most favorable to the insured. However, a court does not have the right to construe the terms of a written contract where they are clear and unambiguous, and where there is not sufficient doubt in the meaning of the words to enable reasonable men to place more than one interpretation upon their meaning.

The Supreme Court of this state in the case of British America Assurance Co. v. Miller, 91 Tex. 414, 44 S. W. 60, 62, 39 L. R. A. 545, 66 Am. St. Rep. 901, in passing upon the language which the Court of Civil Appeals had before it for consideration in this case, among other things, said: "A number of cases have been cited which construe the language 'contained in' as being descriptive of the place at which the property is located at the time the insurance is obtained, and others in which courts have held that such language must be construed with reference to the use of the property insured,—that is, if its ordinary use causes it to be absent from such place; and if, being so absent from the place mentioned, it is destroyed by fire, the property is nevertheless protected by the policy, and the insurance companies have been held to be liable therefor. * * * But in the cases above referred to the terms of the policies were less definite than is the one now before the court. In the policy under consideration the property is insured 'while located and contained as described herein, and not elsewhere.' * * * In other words, the court will not hold that the insurance company did not intend to insure that which it expressly contracted to insure; on the other hand, courts will not so construe plain language as to make a contract embrace that which it was intended not to include."

The opinion of the Supreme Court in the case from which the above quotations have been taken has been followed consistently by the opinions of the Commission of Appeals in Taylor v. United States Fidelity & Guaranty Co., 283 S. W. 161, and Fireman's Insurance Co. v. Alonzo, 112 Tex. 283, 246 S. W. 82, and by the Courts of Civil Appeals in Camden Fire Insurance Ass'n v. Bond, 202 S. W. 220, and Standard Fire Insurance Co. of Hart-

ford v. Buckingham, 211 S. W. 531. 26 C. J. p. 97.

After stating the general rule to be that, when the property is of such a kind that its ordinary use requires it to be moved from place to place, the words "contained in" or their equivalent will be held to refer merely to the usual place of deposit, and the parties will be presumed to have contemplated that the policy would cover the property while temporarily away from the designated location, then proceeds to use the following language: "The general rule does not apply, however, where the nature of the property or the surrounding circumstances show that the insurance during the absence of the property from the place described, could not reasonably have been contemplated by the parties, and the same is true where notwithstanding the nature of the property is such that its temporary removal would otherwise be within the contemplation of the parties, the language of the policy is so restrictive as to indicate a contrary intent. This is the rule when the policy is in the statutory form, insuring property while contained in a designated place and not elsewhere."

We think, under the authorities which we have mentioned, the rule in this state is such that the first assignment of error and the propositions made thereunder present the law of the case.

We therefore recommend that the judgment of the Court of Civil Appeals affirming that of the county court be reversed, and the judgment be rendered that defendant in error take nothing by his suit, and that the plaintiffs in error recover of the defendant in error all costs.

CURETON, Chief Justice.

Judgments of the Court of Civil Appeals and district court both reversed, and judgment here rendered for plaintiffs in error.